STATE OF MINNESOTA, *ex rel.* Frederick W. Luley, *vs.* ORLANDO SIMONS and others.

December 18, 1884.

Constitution — Power to Incorporate Villages is Legislative — Act conferring this Power on District Court held Void.—Chapter 73, Gen. Laws 1883, provides for the incorporation of villages upon petition to the judge of the district court; that, upon a hearing of such petition, the court may proceed to hear proof for or against the incorporation, and take such evidence as it shall deem necessary; and that if the court, after such hearing, is satisfied "that the lands embraced in such petition, or any part thereof, *ought to be included in said proposed village, and that the interests of the inhabitants will be promoted thereby,* it shall make an order declaring that such territory, the boundaries of which shall be therein set forth by metes and bounds, *and which may be diminished or enlarged by such court* from the boundaries specified in said application, *as justice may require,* shall be an incorporated village." *Held,* that this act is unconstitutional, for the reason that it assumes to delegate legislative powers to the district court, a tribunal not authorized under the constitution to exercise such powers.

Same—Prohibition.—A writ of prohibition will lie against a judge of the district court assuming to exercise such powers under this act.

Application for a writ of prohibition to the judges of the district court for Ramsey county. The cause was heard upon the return of the judges to the order to show cause, which return was adopted by the parties instituting the proceeding sought to be restrained.

*John M. Gilman* and *Warner & Stevens,* for relator.

*Chas. N. Bell,* for respondent.

MITCHELL, J. This is an application for a writ of prohibition to restrain the respondent, a judge of the district court, from further action in proceedings now pending before him for the incorporation

of certain territory as a village under the provisions of chapter 73, Gen. Laws 1883. The contention of the relator is that the act referred to is unconstitutional, because it assumes to delegate purely legislative powers to the district courts or the judges thereof. Section 3 of this act provides that any district, sections, or parts of sections which have been duly surveyed and platted into lots and blocks, and lands adjacent thereto, which said plat has been duly and legally certified and filed, may become incorporated as a village in the following manner, upon application to the judge of the district court of the county in which such lands are situated. Section 4 provides that this application shall be by petition of at least 25 electors,—residents upon the lands to be incorporated,—setting forth the boundaries of such territory, the quantity of land embraced therein, the name of such village, and the resident population, as near as may be. Section 5 provides for the posting of copies of such petition, and of notices of the time and place when and where it will be presented to the court. Section 6 provides that "at the time and place fixed in said notice, upon the filing of the petition and proof of posting as aforesaid, and the map or plat of said premises, *the court may proceed to hear proofs for or against the incorporation of said village, and upon such hearing may take such evidence as he shall deem necessary.*" Section 7 provides: "If the court, after such hearing, shall be satisfied of the correctness of such survey and of the legality of said plat, and that all of the requirements of the statute have been complied with; *that the lands embraced in such petition   *   *   *   ought justly to be included in said proposed village; that the interests of the inhabitants will be promoted thereby,*—it shall make an order declaring that such territory, the boundaries of which shall be therein set forth by metes and bounds, *and which may be enlarged or diminished by such court from the boundaries specified in said application as justice may require,* shall be an incorporated village by the name specified in said application; and in such order it shall designate three persons,—electors residing on said territory,—whose duty it shall be to give notice of an election in said incorporated village, as provided by section 10 of this act." Section 8 requires that such petition and order shall be filed in the office of the clerk of the court, and that he shall forthwith notify the

persons designated in said order of the filing thereof, and that a certified copy thereof shall be filed in the office of the register of deeds, and be by him recorded, "*and thereupon said village shall be duly incorporated by the name designated in said order*." Section 9 provides that any district which may be set apart by an order of the district court, and shall organize as such municipal corporation by the action of the inhabitants thereof in the manner and form hereafter provided, shall be endowed with all the powers incident to municipal corporations. Section 10 requires the three persons designated for that purpose in the order of the court, to give notice to the electors to meet to organize under the provisions of the act, and to elect officers for the ensuing year. It also provides for the manner of holding and conducting such elections.

It will be observed that under the provisions of this act the legislature has not, except as to certain preliminaries, determined or defined the facts or things upon the existence of which the territory shall be incorporated as a village. It will also be observed that the duty of the court is not simply to inquire and ascertain whether certain specified facts exist, or whether certain specified conditions have been complied with, but to proceed and determine whether the interests of the inhabitants will be promoted by the incorporation of the village, and, if so, what land ought in justice to be included within its limits. In short, it is left to the court to decide whether public interests will be subserved by creating a municipal corporation, and the determination of this question is left wholly to his views of expediency and public policy.

That the determination of such questions involves the exercise of purely and exclusively legislative power seems to us too clear to admit of argument. The granting of all charters of incorporation involves the exercise of legislative functions. The proposition (says Dillon) which lies at the foundation of the law of corporations of the country is that they all, public or private, exist and can exist only by virtue of express legislative enactment, creating or authorizing the creation of the corporate body. All municipal corporations are mere auxiliaries to the state government in the business of municipal rule. The act of deciding when and under what circumstances the public interests re-

quire the creation of these auxiliaries or aids to the state government is one of the highest and most important legislative powers and duties.

By section 1, article 4, of the constitution of the state, the legislative department of the government is made to consist of a senate and house of representatives. In them all legislative power is exclusively vested. One of the settled maxims of constitutional law is that legislative powers cannot be delegated. Where the constitution has located the law-making power it must remain. The department to whose judgment and wisdom it has been intrusted cannot abdicate this power and relieve itself of the responsibility, by choosing other agencies upon whom it shall be devolved. Cooley, Const. Lim. 139. As said by this court in *State* v. *Young*, 29 Minn. 474, 551, it is a principle not questioned that, except when authorized by the constitution, as in respect to municipal corporations, the legislature cannot delegate legislative power. The power of local legislation commonly bestowed on municipal corporations does not trench upon the maxim, since this is authorized, impliedly at least, by the constitution itself; and the maxim itself is to be understood in the light of an immemorial practice which has always recognized the policy and propriety of vesting in such corporations these powers. As before remarked, municipal corporations are created for this purpose, as aids to the state government in the business of municipal rule. Cooley, Const. Lim. 140.

Had the legislature, by the act in question, fixed and specified all the conditions and facts upon which the incorporation of certain territory should depend, we do not question their right to refer to some tribunal or body the question of ascertaining and determining the existence of these facts and conditions. Neither do we decide that they might not delegate certain legislative powers regarding the organization and incorporation of villages to some appropriate municipal body which might constitutionally exercise local legislative powers. The delegation of certain powers of local legislation to municipal bodies, for reasons already suggested, is permissible. Boards of county commissioners are already, under certain limitations, invested with somewhat similar powers in the organization and change of boundaries of towns and school-districts. But the present act assumes to delegate

these legislative powers to the district court,—a tribunal not author-
ized to exercise them, its jurisdiction under the constitution being
purely *judicial.*

Cases may be found where it has been held that powers similar to
those conferred by this act were properly delegated to certain so-called
courts, but we think it will be found in almost every instance that
these courts were not exclusively *judicial,* but also *quasi* municipal
bodies, invested with certain powers of local legislation. Such are
the county courts in some states, which take the place of our boards
of county commissioners in the municipal government of the county.
As bearing upon the question here considered, see *City of Galesburg*
v. *Hawkinson,* 75 Ill. 152; *Shumway* v. *Bennett,* 29 Mich. 451.

The only remaining question is whether a writ of prohibition is the
appropriate remedy. Although the powers attempted to be conferred
by this act are not judicial in the strict sense of the term, yet they
are, in many of their features and results, *quasi judicial,* and are con-
ducted under judicial forms. The exercise of these powers is unlaw-
ful. Their exercise will result in injury for which there seems to be
no other adequate remedy. Under this state of facts the writ will lie.
*State* v. *Young,* 29 Minn. 474.

Let the writ issue.