GILHOOLY ET AL. v. THE CITY OF ELIZABETH.

HOPPER ET AL. v. THE CITY OF PATERSON.

Argued September 16, 1901—Decided September 20, 1901.

The act of March 21st, 1901, which gives the governor power, in his discretion, on the application of one hundred voters, to appoint a commission to district or redistrict wards in the cities of this state is unconstitutional and void—*first*, it is an unlawful delegation of legislative power; *second*, the act is local and special; *third*, it authorizes the regulation of municipal affairs by a commission.

On *certiorari.*

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutors, *Lindabury, Depue & Faulks.*

For the defendants, *John W. Griggs, Eugene Emley, William I. Lewis* and *Frank Bergen.*

The opinion of the court was delivered by

VAN SYCKEL, J.  The only question involved in these cases which it is necessary to discuss is whether an act approved March 21st, 1901 (*Pamph. L., p.* 208), is constitutional.

The first section of the act reads as follows:

"Upon the petition of not less than one hundred voters of any city, the governor may, in his discretion, appoint a commission of three residents and voters of such city, not more than two of whom shall belong to the same political party, to divide the city for which they are appointed into wards, each ward to contain as nearly as practicable an equal number of inhabitants and consist of convenient and contiguous territory in a compact form; such division not to take place oftener than once in five years."

The validity of this legislation is assailed on the ground that it violates the clause of the state constitution which vests legislative power in a senate and general assembly, and also the clause which divides the powers of government into three distinctive departments—the legislative, executive and judicial—and forbids that any person belonging to or constituting one of these departments shall exercise any of the powers properly belonging to either of the others.

We deem it to be the established rule that the districting of a city into wards is a legislative act which cannot be delegated. *In re Ridgefield Park,* 25 *Vroom* 288; *State* v. *Simons,* 32 *Minn.* 540.

That this law commits to the governor the determination of an important question of public policy controlling the local government of cities does not admit of controversy, as he is given an absolute and unlimited discretion, controlled by no rule, to be exercised in accordance with no facts to be ascertained by him, and upon no principle or terms of expediency declared by the legislature.

The legislature established under the constitution has the exclusive power to enact the law.

The rule is well stated in *Dowling* v. *Lancashire Insurance Co.,* 92 *Wis.* 63, 74, in this language:

"The result of all the cases on this subject is that a law

must be complete in all its terms and provisions when it leaves the legislative branch of the government, and nothing must be left to the judgment of the electors or other appointees, or delegate of the legislature, so that, in form and substance it is a law in all its details *in præsenti,* but which may be left to take effect *in futuro,* if necessary, upon the ascertainment of any prescribed fact or event."

The Supreme Court of Pennsylvania, in Moers *v.* City of Reading, enunciated a like rule in these words:

"The legislature cannot delegate its power to make a law, but it can make a law to delegate a power to determine some fact, or state of things upon which the law makes, or intends to make, its own action depend."

The case of *Field* v. *Clark,* 143 *U. S.* 692, in my judgment, carries this right of the legislature to delegate a function connected with the operation of the law to its extreme limit.

That case was decided by a divided court. The majority opinion, after citing with approval the language of the Pennsylvania court in the case last referred to, says:

"Nothing involving the expediency or the just operation of such legislation was left to the determination of the president. * * * He had no discretion in the premises, except in respect to the duration of the suspension so ordered."

While there is room for difference of opinion as to the effect of the enactment which gave rise to the controversy in that case, there is no departure from the principle announced in the cases before referred to, if we accept the construction of the act of congress adopted by the federal court.

Cases in our own courts are hostile to such legislation. *In re Ridgefield Park, supra; Munday* v. *Rahway,* 14 *Vroom* 338; *Township of Bernards* v. *Allen,* 32 *Id.* 228; *Dexheimer* v. *Orange,* 31 *Id.* 111.

No support for like legislation can be found in *Paul* v. *Gloucester,* 21 *Vroom* 585.

That decision rested upon two grounds, which are not present to support the act now challenged:

*First.* That from the earliest times the sale of intoxicating liquors had been dealt with by legislation in an excep-

tional way, not different in substance and effect from that provided for in that local option law.

*Second.* The right of the legislature to delegate the powers of local government to the political subdivisions of the state.

The act of 1901 is in our judgment an attempt to delegate to the governor the powers which by the mandate of the constitution must be exercised by itself.

This enactment is also subject to other objections which render it unconstitutional.

*First.* It is inimical to that provision of the fundamental law which inhibits private, local or special legislation.

The act by its title purports to apply to all the cities of the state, but no city can, by electing to do so, demand as a right the benefit of its provisions. All that any city can do is to file a petition signed by one hundred voters. It is left wholly in the discretion of the governor whether the petition shall be favored. It requires no argument to demonstrate that while the legislature itself could not confer upon one city, to the exclusion of others, the power to rearrange its wards, this act, if validated, will provide a ready method by which the constitutional provision may be set at naught.

*Secondly.* This act is a return to the regulation of municipal affairs by commissions which called forth unmeasured condemnation throughout the state, and led to the provision of the present constitution prohibiting it.

If the governor can legally exercise the power committed to him in this case, then the legislature, while impotent to act directly, may authorize the governor, or the secretary of state or A B, at its pleasure, to exercise his discretion, whether he will appoint for any city or other municipality a commission to assess and collect taxes, or to determine what local improvements shall be made, or what franchises shall be granted, or what ordinances passed; in fact, by this scheme, the entire field of local government could be occupied by a commission, to the exclusion of its self-government, and the barrier which the people believed they had securely erected against such pernicious legislation would be swept away.

The constitution forbids that such legislation shall receive judicial sanction.

The act of 1901 is unconstitutional and void in our judgment, and the proceedings taken under it should be set aside, with costs.