(88 N. W. Rep. 1026.)

S. L. GLASPELL *vs.* THE CITY OF JAMESTOWN.

**Constitutional Law—Legislative Powers.**

Sections 2440, 2441, Rev Codes, authorizing district courts to exclude territory from the corporate limits of cities in certain cases, are unconstitutional for the reason that they vest legislative powers in the courts.

Appeal from District Court, Stutsman County; *Lauder, J.*

Action by S. L. Glaspell and others against the city of Jamestown for the purpose of excluding certain real estate from the corporate limits of the city. Judgment for plaintiffs, and defendant appeals. Reversed.

*George W. Thorpe,* for appellant.

*F. Baldwin* and *Jas. A. Murphy,* for respondents.

MORGAN, J. This appeal is from a judgment of the district court of Stutsman county excluding and disconnecting certain lands from the corporate limits of the city of Jamestown. The proceeding which resulted in said judgment originated in the filing of a petition in the office of the clerk of the district court of said county after a similar petition had been presented to the city council of the city of Jamestown, and such council had refused to grant the prayer of the same. The petition as filed in the office of the clerk of the district court contained a statement of the following facts, viz.: (1) That the petitioners are the owners of the lands therein described; (2) that petitioner Smith and one Dunsmore are the only legal voters residing on said lands; (3) that no part of said territory is platted or laid out into lots or blocks, and that the same is on the border and, within the corporate limits of the city of Jamestown; (4) that said territory is composed of farming and pasture land, and is not benefited in any way by being within the limits of said city; (5) that petitioners did present their petition in writing

to the city council of the city of Jamestown, praying that said land be excluded from the limits of said city, but the said petition was without cause and unjustly denied on February 14, 1900. Upon due notice to the city, the matters involved were duly brought before the court for determination. The city first filed objections to the jurisdiction of the district court to determine the matters involved, for the reason that the relief asked is exclusively vested in the powers of the legislature and city council, and is not, and cannot be, vested in or conferred upon the courts. This motion or objection was denied. A demurrer to the petition was then interposed upon the same grounds, and overruled. Exceptions to such rulings were saved by the city. Thereupon a hearing upon the merits was had, after which the trial court made findings of fact and conclusions of law, and ordered that judgment be entered granting the prayer of the petitioners. The court found all the facts alleged in the petition to be true, and, as conclusions of law, found "that the request of the petitioners ought to be granted, and can be so granted without injustice to the inhabitants of said city and territory, or of any person interested." From the judgment entered by the trial court excluding these lands from the corporate limits of the city of Jamestown, the city has appealed.

In this court it is contended that the law under which the court is authorized to act in relation to changing the boundaries of cities or villages is unconstitutional, as vesting in such court powers that are strictly legislative, and not judicial. Before considering the question thus raised, it becomes necessary to state the provisions of the statute and the provisions of the state constitution having any bearing on that question. Under chapter 28, Pol. Code 1899, the organization of cities is provided for by a general law. Section 2438, Rev. Codes provides that the corporate limits of a city may be restricted and territory disconnected therefrom by the city council, upon filing with said council a petition signed by not less than three-quarters of the legal voters, and by the owners of not less than three-quarters in value of the property, in any territory within any incorporated city, and being upon the border and within the limits of said city, providing that said lands have not been laid out into city lots or blocks. Section 2439, Id., provides that no final action shall be taken by the city council upon such petition unless notice of the presentation of such petition shall have been published for at least two weeks in some newspaper of the city. Section 2440 provides that in case of the refusal of the city council to grant such petition, or in case of its failure to act thereon for 30 days after such publication shall be completed, the petitioners may present their petition to the district court of the county by filing the same with the clerk of the district court. Notice of such filing shall be served upon the mayor of the city, together with a notice of the time and place of the hearing upon such petition before the court.

Section 2441 is as follows: "If upon the hearing the court shall find that the request of the petitioners ought to be granted and can be so granted without injustice to the inhabitants or persons interested the court shall so order. If the court shall find against the petitioners the petition shall be dismissed at the cost of the petitioners." No question is raised as to the regularity of all the proceedings up to and including the presentation of the petition to the district court. The following provisions of the state constitution are deemed to have direct application to the question at issue: The constitution vests all governmental power in three departments,—executive, legislative, and judicial. Section 130 provides that the district courts shall have original jurisdiction, except as otherwise provided in the constitution, of all causes, both at law and equity, and such appellate jurisdiction as may be conferred by law. They and the judges thereof shall also have power to issue, hear, and determine writs of habeas corpus, quo warranto, certiorari, injunction, and other original and remedial writs. Section 25: "The legislative power shall be vested in a senate and house of representatives." Section 69: The legislative assembly shall not pass local or special laws pertaining to the "incorporation of cities, towns, villages or changing or amending the charter of any town, city, or village." Section 130: The legislative assembly shall provide by general law for the organization of municipal corporations. The single question is presented whether § 2440, supra, delegates to the district courts powers that are not judicial.

It is conceded that, if the power conferred by that section is not judicial, the law is repugnant to the constitution, and therefore void. In other words, it is undisputed that the delegation of legislative functions to the district courts is not contemplated by the constitution, and that the three departments of government provided for in the constitution are distinct from each other; the powers of each being therein separately defined. It is therein provided that the executive department shall enforce the laws, the legislative department shall enact, repeal, or amend the laws, and the judicial department shall construe them. It is a fundamental principle of law, and recognized by § 130 of the constitution of this state, that the creation of municipal corporations is a legislative function. Such corporations are created pursuant to legislative enactments only. Dill. Mun. Corp. § 37; Cooley Const. Lim. (5th Ed.) p. 228. To further their creation in states where special legislation is prohibited, certain acts relative to their creation may be delegated by the lawmakers to be done or performed by local municipal bodies. In these cases it is deemed, nevertheless, that the performance of such acts is not the creation of the corporation. The law does that, and the organization is deemed to be perfected or created by the law upon the performance of such act by the body to which the performance of such act is delegated. *People* v. *Burr,* 13 Cal. 358. So, also, may the legislature enact a law to become operative upon the

happening of certain conditions, and the determination whether such conditions exist may be left to be determined by a specified body in a specified manner. *State* v. *Simon,* 32 Minn. 540, 21 N. W. Rep. 750. Such an act is performed by the board of county commissioners in relation to the incorporation of cities, in this state, when such board, upon being petitioned, calls an election and appoints judges of elections in order that the inhabitants may vote upon the question of the incorporation of the city. Section 2339, Rev. Codes. This is not deemed a legislative function, but the delegation of authority for the determination of the fact of the consent of the inhabitants, which must pre-exist before incorporation as a city is possible. In the case before us no question of the incorporation of a city is involved. Before these proceedings were commenced, the city of Jamestown was duly incorporated as a city, and its corporate limits duly defined. This proceeding contemplates a change in such corporate limits. Such change of corporate limits is effectuated under the application of no different principles than the organization of the corporation originally; that is, similar tests or reasons are to be used in determining whether such change of boundaries is advisable as in the case of the organization of the corporation originally. The welfare of the inhabitants should be consulted in each instance.

In this case the decision must turn upon the question whether the duty devolving upon the court, of determining whether such territory ought to be excluded from the corporate limits, and whether the petition can be granted without injustice to the interested parties, be a judicial or a legislative power. If a decision of the matters prayed for in the petition involved decisions of questions of fact only, then the power conferred upon the court would be judicial. The facts to be found relate to the character of the land; its location, occupancy, ownership; benefits accruing by being within the corporate limits; burdens upon it by reason of city taxation; the presentation of a petition to the city council; the refusal of the city to grant it; publication and service of notices; and whether the proceedings were in all things regular. Passing upon these questions and making findings of fact thereon would involve the exercise of judicial power. Having made such findings, the duty of the court, as prescribed by the law, is not fully performed in relation to the matter. The court must proceed further, and determine whether the petition "ought to be granted and can be granted without injustice" to the interested parties. It is apparent that such a determination goes further than the mere finding of a fact. It involves the reaching of a conclusion from the facts found as to the policy of restricting the corporate limits of the city,—not only the policy for the present but for the future. It determines the limits of the city; the jurisdictional limits of its courts, and taxation powers; the effect upon its schools and people; and, in short, determines

the same identical questions of public policy involved always in the exercise of legislative duties or powers. When exercised as to the organization of cities, it determines whether the charter shall be amended in the matter of boundaries; it determines whether the boundaries of the city shall be changed,—something that can be done in no other way, under present laws, than by the passage of an ordinance. This seems to us to involve the exercise of what is clearly legislative discretion. It is more than the finding of facts. It necessarily compels the finding of conclusions,—not conclusions as to the law applicable, but conclusions as to the wisdom or policy of the relief sought. Whether such action is expedient is necessarily involved. Such duty requires to be done more than is included in the ordinary and accepted meaning of a judicial act,—a determination of what the existing law is in relation to some existing thing already done or happened. It falls within the definition of legislative action, viz., a predetermination of what the law shall be, for the regulation of all future cases falling under its provisions. Cooley, Const. Lim. (5th Ed.) pp. 109, 110. As was said by the supreme court of Illinois in *City of Galesburg* v. *Hawkinson*, 75 Ill. 152: "If the boundaries of municipal corporations can be altered and changed by the legislature in its discretion,—and the authorities are all that way,—then it is impossible that the courts can be invested with such power. Courts may determine what are the corporate limits already established, they may determine whether what is claimed by the municipal authority to be corporate limits is so or not, and they may inquire whether the legislative authority has exceeded the powers with which it is invested; but all this implies an existing law, applicable to the particular subject, and the inquiry is, what is the law, and has it been violated or complied with? Here, however, the inquiry is, what shall the law be, as respects the boundaries of the city? Shall it be as designated by the charter, or shall it be as prayed by the petitioners? And the decree of the court is the answer. That decree assumes to be, not a declaration of rights under the law, but the law itself, amending and changing a previous statute as to the extent of territory over which a particular municipal government shall obtain." The supreme court of Wisconsin said, in deciding whether the creation or organization of a municipal corporation is a judicial act: "Furthermore, the provision authorizing the court to enlarge or diminish the boundaries of the village as justice may require seems to be as equally an exercise of legislative power. It is vigorously claimed by the respondents that these last-named questions are in truth questions of fact only but it seems to us that this claim is utterly untenable. There is no proper sense in which they can be said to be questions of fact. They are, rather, conclusions from all the facts. Given all the facts which the legislature require,—the area, the population, the census, the map, the notices,—and does the order calling for an election follow?

By no means. The circuit court, in addition to determining these facts, must then say whether, in its judgment, it is best that there should be a village. * * * The question as to whether incorporation is for the best interest of the community in any case is emphatically a question of public policy and statecraft,—not in any sense a judicial question." *In re Village of North Milwaukee,* (Wis.) 67 N. W. Rep. 1033, 33 L. R. A. 638. The supreme court of Minnesota, speaking through Judge Mitchell, said in reference to the organization of villages through orders of court: "It will be observed that the duty of the court is not simply to inquire and ascertain whether certain specified facts exist or whether certain specified conditions have been complied with, but to proceed and determine whether the interests of the · inhabitants will be promoted by the incorporation of the village, and, if so, what land ought, in justice, to be included within its limits.· In short, it is left to the court to decide whether public interests will be subserved by creating ˋa municipal corporation, and the determination of this question is left wholly to his views of expediency and public policy. * * * But the present act assumes to delegate these legislative powers to the district court,—a tribunal not authorized to exercise them; its jurisdiction, under the constitution, being purely judicial." *State* v. *Simons,* 32 Minn. 540, 21 N. W. Rep. 750. The following cases also sustain the view that such powers cannot be delegated to the courts: *Territory* v. *Stewart,* (Wash.) 23 Pac. Rep. 405, 8 L. R. A. 106; *People* v. *Carpenter,* 24 N. Y. 86; *Powers* v. *Commissioners,* 8 Ohio, St. 285; *Bristol* v. *Town of New Chester,* 3 N. H. 524; *City of Philadelphia* v. *Fox,* 64 Pa. 169; *Morton* v. *Dicks,* (Miss.) 24 Am. Rep. 661; *People* v. *Bennett,* 29 Mich. 451, 18 Am. Rep. 107.

It is true that there ·is great conflict in the decisions of courts of last resort upon this question. . The supreme courts of Kansas, Iowa, Nebraska, and South Dakota, notably, are able exponents of conclusions reached opposite to that of ours. Some of these courts hold that the questions passed upon are those of fact or conditions, and not of policy, and therefore judicial. As seen, we do not concur in that view. Others deem the duty of the court to be a review of the action of the council, and, as such, strictly judicial action. Strictly, the court proceeding is not a review of the action of the council, although bringing the matter before the council is a condition precedent to an application to the court. Conceding, however, that the proceedings in court involved a review, only, and an approval or disapproval, of the action of the council, still the objection is not removed. The same discretion or judgment must be exercised as to the political wisdom or policy of granting or refusing the petition as though the proceedings were originally instituted in the district court. Administrative or legislative bodies are not permitted to interfere with the judgments of courts. Courts

are likewise enjoined from interfering with or reviewing the matters properly before or determined by legislative bodies, including city councils, in matters involving political discretion or judgment. It would not be contended, under any circumstances, that the wisdom of a law enacted by the legislature could be successfully attacked in the courts. Equally is such review enjoined as to the policy or wisdom of the enactments of city councils or county boards as to matters properly before them. It is claimed that courts are not prohibited from exercising their powers in cases pertaining to municipal corporations that involve only matters that are prohibited as special legislation. No authority is cited in support of this contention. On principle, we do not think the contention sustainable. Matters pertaining to or classed as special legislation involve the exercise of judgment and discretion. The exercise of the power is not judicial in either case.

It is insisted with much force that petitioners are left without a remedy if this proceeding cannot be sustained. The matter is a proper matter for determination by the council. It does not follow—anyhow, it should not follow—that a city council will refuse to grant meritorious petitions because of bias or interest in the city's favor. However, it is a matter for legislation, if present enactments are not adequate to insure relief in a tribunal clothed with rightful power to determine the matters.

The judgment is reversed, and the district court directed to dismiss the petition. All concur.