\*GROVER HILL (VIL.) v. GEORGE A. McCLURE.

ACT OF APRIL 23, 1902 IS NOT UNCONSTITUTIONAL.

> The act of April 23, 1902 (95 O. L. 259; Lan. R. L. 3082; B. 1536-60), providing for detaching unplatted farm lands from cities and incorporated villages, and for attaching the same to adjacent townships, is not in conflict with any provisions of the constitution of the state of Ohio. Said act does not confer legislative powers upon the judiciary, nor does it impair the system of local self-government guaranteed by the constitution. The phrase, "in his discretion," contained in said act, refers to the judicial discretion of the court and not to the legislative discretion.

ERROR to Paulding common pleas court

**Shook & Wilcox,** for plaintiff in error.

**Snook & Savage,** for defendant in error.

---

\*Affirmed, Grover Hill (Vil.) v. McClure, 50 Bull. 203.

Grover Hill v. McClure.

**HURIN, J.**

The petition in each of these cases, Grover Hill (Vil.) v. George A. McClure and Grover Hill (Vil.) v. William H. Eaton, alleges that the plaintiff is the owner and in actual possession of certain lands in Paulding county, Ohio, which are unplatted farm lands, wholly within the limits of the incorporated village of Grover Hill, and that they may be detached therefrom without materially affecting the good government of the adjacent territory within the limits of said village of Grover Hill.

Both petitions pray that said lands be detached and annexed to, and become a part of, the adjacent township, to wit, Latty township, and for all proper relief.

The amended answers allege that this action is brought under, and by virtue of, an act of the general assembly passed on April 23, 1902, entitled, "An act to provide for detaching unplatted farm lands, from cities and incorporated villages, and for attaching the same to adjacent townships," which said act is in conflict with the provisions of the constitution of the state of Ohio, and especially with Sec. 1, Art. 2, Secs. 1 and 4, Art. 4 and Sec. 20, Art. 1 of said constitution; that said act is not a valid exercise of legislative authority for the reason that it impairs the system of local self-government existing under the general laws of the state of Ohio, at the adoption of the constitution; that said act is contrary to public policy, and is void.

These answers were demurred to on the ground that they did not state facts sufficient to constitute a defense. The court sustained the demurrer and found from the evidence that the lands described in the petition are farm lands and may be detached without materially affecting the good government of any territory in the village, adjacent to said land. It is therefore ordered and decreed by the court that said lands be detached from Grover Hill and attached to Latty township.

The sole question raised in each of these cases, is that of the validity and constitutionality of the act of April 23, 1902 (95 O. L. 259), now designated as Lan. R. L. 3082 (B. 1536-60).

It is claimed by plaintiff in error that this law is unconstitutional as conferring legislative power upon the judiciary, as contrary to public policy and as impairing the system of local self-government existing prior and subsequent to the adoption of the constitution. Section 1 of that act provides that:

"The owner or owners of unplatted farm lands lying within the corporate limits of any city or village may file a petition in the court of common pleas of the county in which such lands are situate, in which

such owner or owners shall be named as plaintiffs, and such city or village shall be the defendant, setting forth the reasons why such lands should be detached, and the relief prayed for. On such petition a summons shall issue as in other actions, and such cause proceed as in other causes.''

Section 2 provides that:

''On the hearing of such cause if the court shall find that said lands are farm lands and that the same may be detached without materially affecting the good government of adjacent territory within such city or village limits, an order and decree may be made by the court in his discretion and entered on the record, that such lands be detached from such city or village and may be attached to the most convenient adjacent township in the same county, and thereafter such land shall not be a part of said city or village, and shall be a part of the township to which the same has been so attached, and the costs taxed as to the court may seem right.''

It will be observed that this act provides for the filing of the petition in the court of common pleas, naming the defendant, and the issuing of a summons thereon, and that the cause shall proceed as in other causes. It further provides for a hearing by the court, a finding by the court on the facts presented and that if the court shall find, first, that said lands are farm lands, and second, that the same may be detached without materially affecting the good government of adjacent territory within such city or village limits, then the court may make an order and decree, etc. So far all the procedure is in judicial form, and apparently within judicial powers, but it is claimed that the phrase, ''in its discretion,'' which is applied to the decree of the court by the statute, discloses an intention to confer legislative powers on the court; that the discretion is a legislative discretion and not a judicial discretion, for the reason that the whole subject of the creation of municipal corporations and their increase or decrease by attaching or detaching territory, is strictly within legislative powers, and not within the judicial powers conferred by the constitution.

In the case of *Forsyth* v. *Hammond* (*City*), 71 Fed. Rep. 443, 446 [18 C. C. A. 175; 34 U. S. App. 552], it is said that, ''The power to establish municipal corporations, and to enlarge or contract their boundaries, is legislative;'' and being a legislative power, it cannot be conferred on, or exercised by, a court whose functions are judicial. See also Dillon, Munic. Corp. Secs. 9 and 54; Cooley, Const. Lim. (7 ed.) Sec. 266; *Laramie Co.* (*Comrs.*) v. *Albany Co.* (*Comrs.*), 92 U. S. 307 [23 L. Ed. 552].

Grover Hill v. McClure.

In the case of *Forsyth* v. *Hammond (City), supra,* the court, after discussing the difference between legislative and judicial powers, say, on page 449:

"But insofar as the board, in any such case, determines questions of fact which are essential either to the jurisdiction of the board in the proceeding or to the right of annexation, as, for instance, the fact and sufficiency of notice, contiguity and ownership of lands, or whether the lands had been platted, its action is of a judicial character, and may properly be made subject to review on appeal."

In *State* v. *Simons,* 21 N. W. Rep. 750, 751 [32 Minn. 540], a statute of Minnesota is declared unconstitutional because it delegated legislative powers to the district court. In that case the court say:

"It will also be observed that the duty of the court is not simply to inquire and ascertain whether certain specified facts exist, or whether certain specified conditions have been complied with, but to proceed and determine whether the interests of the inhabitants will be promoted by the incorporation of the village, and, if so, what land ought in justice to be included within its limits. In short, it is left to the court to decide whether public interests will be subserved by creating a municipal corporation, and the determination of this question is left wholly to his views of expediency and public policy. That the determination of such question involves the exercise of purely and exclusively legislative power seems to us too clear to admit of argument."

In the statute involved in the case at bar, no question of expediency or public policy is submitted to the court. Its conclusions as in any other judicial proceedings are based on its findings as to the facts, on evidence submitted. Why, then, should the "discretion" of the court be construed to mean other than the judicial discretion upon which all courts are compelled to rely after hearing evidence and arguments. Every order made by any court is an exercise of discretion, but it is a judicial discretion, and without such discretion, any court would be useless.

The same distinction appears to have been made in the case of *Hutchinson* v. *Leimbach,* 63 L. R. A. 630 (Kan.), and *Wahoo (City)* v. *Dickinson,* 23 Neb. 426 [36 N. W. Rep. 813].

In all of these cases, there is a clear distinction drawn between decrees of courts based on facts found, and those decrees, when based on expediency, public policy and considerations of abstract justice; in other words, a purely judicial discretion is incidental to all courts, and does not include or imply a legislative discretion.

But even if the use of the word "discretion" were not susceptible of the interpretation we have given it, *i. e.,* judicial discretion, and if

the use of that term would, by itself, necessarily imply the granting of an unconstitutional power, yet if the remainder of the statute, taken by itself, would be constitutional, and that word "discretion" is not essential to the sense of the statute, that word may be eliminated and the remainder of the statute upheld.

This principle is thoroughly established in this state. See *State* v. *Dombaugh,* 20 Ohio St. 167 and *Gager* v. *Prout,* 48 Ohio St. 89 and 109 [26 N. E. Rep. 1013].

In this latter case the court say, on page 108:

"By this rule a statute may be invalid in part, by reason of some provision being repugnant to the constitution, and valid as to the residue, where it appears that the invalid part is an independent provision, not in its nature and connection essential to the other parts of the statute, nor so related to the general purpose of the statute as to warrant the conclusion that the legislature would have refused to adopt it with the invalid part stricken out."

In the case at bar, the statute, eliminating the phrase "in his discretion," is complete in itself, and calls for a judicial order or decree. The phrase "in his discretion" is unnecessary to a completed meaning, and may, under the above decision, be eliminated.

In *State* v. *Sinks,* 42 Ohio St. 345, 346, it is said by the court, that where it appears improbable and unreasonable that the legislature would have passed a law without a certain provision which was included in it, and where that provision is unconstitutional, the whole act must be declared unconstitutional.

But this presumption does not arise in this case, for the statute is, as we have seen, complete without the phrase "in his discretion," and the word itself is fully capable of the meaning, "judicial discretion," which is in harmony with the constitutional powers of courts, so that on either supposition, the objection fails.

But it is claimed that, aside from this, this act involves a delegation of legislative powers to the court, because the power to establish municipal corporations and to enlarge or contract their boundaries is a legislative power.

"The legislature cannot delegate its power to make a law; but it can make a law to delegate power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend." *Locke's Appeal,* 72 Pa. St. 491 [13 Am. Rep. 716], cited by Minshall, J., in *State* v. *Messenger,* 63 Ohio St. 398, 402 [59 N. E. Rep. 105].

In the case of *Zanesville* v. *Telegraph & Tel. Co.* 64 Ohio St. 67 [59 N. E. Rep. 781; 52 L. R. A. 150; 83 Am. St. Rep. 725], reversing

Grover Hill v. McClure.

the decision in the same case, *Zanesville* v. *Telephone & Tel. Co.* 63 Ohio St. 442 [59 N. E. Rep. 109], our Supreme Court went to greater lengths, than the courts of most states, for it there held that Lan. R. L. 5587 (R. S. 3461), whereby a probate court is authorized to direct in what manner the telephone company's lines shall be constructed when the municipal authorities and the company failed to agree, is constitutional and does not confer on the probate court legislative authority. The court say, page 84, "And this fact, alone, of conferring on a judicial tribunal in the first instance the power to act in a given matter, is of controlling importance in giving judicial character to the nature of the power; though that is not necessarily a conclusive test, for if it were, the existence of a statute would establish its validity; but it is decisive, in that respect, unless it is reasonably certain that the power belongs exclusively to the legislative or executive department;" and the court, on page 84 of the opinion quotes with apparent approval, a statement of Selden, J., in *Cooper, In matter of,* 22 N. Y. 67, 84, as follows:

"The principle * * * obviously is, that where any power is conferred upon a court of justice, to be exercised by it as a court, in the manner and with the formalities used in its ordinary proceedings, the action of such court is to be regarded as judicial, irrespective of the original nature of the power. The legislature, by conferring any particular power upon a court, virtually declares that it considers it a power which may be most appropriately exercised under the modes and forms of judicial proceeding."

Were it not for the deference due to the Supreme Court I, speaking only for myself, would not be willing to go to this extreme. The legislature is by no means infallible on questions of law, and its conclusions as to constitutionality are not usually considered final by courts. And I can see no reason for holding that because the power conferred by the legislature is conferred upon a court, it is thereby *ipso facto* made a judicial power. Yet such seems to be the rule as laid down by the Supreme Court of this state, with but a hint at a possible exception. We may safely, however, base our judgment on other grounds—those previously suggested.

*Metcalf* v. *State,* 49 Ohio St. 586, 588 [31 N. E. Rep. 1076], is not in point, for it declares the general principle merely that, "The power to detach territory from a municipal corporation is in its nature legislative, rather than executive or judicial." But while this is true as a general proposition, it does not preclude the possibility of a question of fact arising as to whether territory should be detached, or whether private rights are involved. It does not preclude the legislature from providing legally and constitutionally for the submission of such ques-

tions to the court, nor preclude a legal trial by the court, of such question of fact, or a decree on the facts as found. And even where the rule that the legislature may not delegate its powers is most strongly held, it is subject to numerous exceptions. In Sutherland, Stat. Constr. (2 ed.) Sec. 88, "The true distinction," says this author, "is between the delegation of power to make the law which involves a discretion as to what the law shall be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no valid objection can be made."

But objection is also made to the statute on the ground that it violates public policy. This objection is not well taken. "Statutes cannot be declared invalid on the ground that they are unwise, unjust, unreasonable or immoral, or because opposed to public policy, or the spirit of the constitution; unless the statute violates some expressed provision of the constitution, it must be held to be valid." Sutherland, Stat. Constr. Sec. 85; *Probasco* v. *Raine,* 50 Ohio St. 378-390 [34 N. E. Rep. 536].

But it is further claimed that this statute under discussion takes away the power of local self-government, existing prior to the adoption of the constitution, and preserved by that constitution, and that for this reason the statute is unconstitutional.

It is difficult to see in what respect the power of local self-government is interfered with by this statute. True, the question as to whether specific territory shall or shall not remain within the corporate limits of the village, is not left to the determination of the inhabitants thereof, but that is not essential to our system of local self-government. Repeatedly in our state and in other states have small villages been absorbed by large cities, without their consent—even against their violent protest. But such acts, when taken in accordance with the forms prescribed by law, have been upheld by the courts. I need only cite the case of *State* v. *Cincinnati,* 52 Ohio St. 419 [40 N. E. Rep. 508; 27 L. R. A. 737]. This was apparently a most flagrant violation of local self-government, yet our courts upheld it.

It is now universally held that the people have transferred to the legislature the right to provide the method by which such questions shall be determined, and having so transferred their power, they cannot retain it in themselves.

But it is said that because that power has been entrusted to the legislature, it cannot be delegated by the legislature to the court.

It is admitted in argument that the legislature may delegate to municipal councils, to boards of county commissioners, to township trustees, these powers of local self-government, and in fact, our system

Grover Hill v. McClure.

of government admittedly requires such delegation. But it is claimed · that legislative power cannot be delegated to courts without violating the principle of local self-government. This is begging the question for, as we have seen, the powers conferred on the courts by this act, if it does confer any power, are not legislative powers but merely judicial. Hence there can be no violation of the principle of local self-government.

As we have seen, the law provides for the commencement of a suit in court, the filing of the petition, issuing of summons, further proceedings as in other causes, including impliedly the filing of answers, cross petitions and other necessary pleadings, the hearing of testimony by the court; it also provides for a finding of fact by the court, an order or decree by the court in its discretion, which we have found to be a judicial discretion, all of which is in strict accordance with the constitutional powers of the court of common pleas, in which this statute provides that these proceedings shall be prosecuted.

There is no surrender of any power of local self-government to be found in any of these proceedings, and no surrender of any constitutional right. On the contrary, full opportunity is given for a contest and the right to be heard in opposition, is carefully safeguarded.

Hence we find that the law is constitutional, does not confer legislative powers upon the judiciary, and is not an infringement of any power retained by the people.

Holding these views we find no error in the judgment of the common pleas court, in sustaining the demurrer to the answer of the defendant, and the judgment of that court is affirmed.

**Norris** and **Vollrath, JJ.,** concur.