G. E. KERMOTT v. HORACE BAGLEY, AS JUDGE OF THE COUNTY COURT OF MCHENRY COUNTY, NORTH DAKOTA.

Opinion filed January 13, 1910.

### Constitutional Law — Judicial Powers — Druggist's Permit.

1. Chapter 183, page 266, Laws 1909, which imposes upon district judges certain duties relative to the issuance of druggist's permits, is not unconstitutional, although such duties are held to be administrative and not judicial in character.

### Constitutional Law —Vested Rights— Right of Appeal.

2. Such statute is not repugnant to section 109 of the constitution of this state in depriving applicants for such permits of the right of appeal. Said section 109 is *held* not mandatory, but merely permissive, and, furthermore, it has no application to decisions in matters of a nonjudicial character.

Application by G. E. Kermott for writ of mandamus to Horace Bagley, county judge. Writ denied.

*Butler Lamb* for appellant, (*Palda, Aaker, Green & Kelo,* of counsel.)

Under the constitution non-judicial powers cannot be conferred on District Courts or its judges. United States v. Ferreira, 13th How. 40; Hayburn's Case, 2 Dall. 409; Phelan v. San Francisco, 20 Cal. 40; State v. Chase 2 Harr. and J. 297; Ex-parte Riebeling, 70 Fed. 310; DeCamp v. Archibald, 40 Am. State 692; Glaspell v. Jamestown, 11 N. D. 86.

Where the right of appeal is given it is inviolate. Dillingham v. Putman, 14 S. W. 303; Simpson v. Simpson, 25 Ark. 487; Ex-parte Anthony, 5 Ark. 358; Peak v. People, 76 Ill. 289; St. Louis Railway Co. v. Lux, 63 Ill. 523; Schlattweiler v. St. Clair, 63 Ill. 449,

*Andrew Miller,* Attorney General; *Alfred Zuger* and *C. L. Young,* Assistant Attorneys General, for respondent.

A duty is ministerial when the time, mode and occasion of its performance are so defined that nothing remains for judgment or discretion. Merlette v. the State, 100 Ala. 42, 14 So. 562; Fredman Brothers v. Mathes, 8 Heiak 502; State v. Board of Com. 45 Ind., 501; People v. Jerome, 73 N. Y. Sup. 306; Commissioners v. Smith, 5 Tex. 479; Mills v. Brooklyn, 32 N. Y. 489; Mississippi v. Johnson, 4 Wall 475; People v. Supervisor, 35 Barb. 408.

The duty of passing upon a petition for a license, is judicial. State v. Hilliard, 10 N. D. 439, 87 N. W. 980; Black on Intoxicating Liquors, Sec. 170; Schlaudecker v. Marshall, 72 Pa. St. 200; In re-

Raudenbuch, 120 Pa. Rep. 322, 14 Atl. 148; State v. Commissioners Tippecanoe Co. 45 Ind. 501; Weber v. Lane 71 S. W. 1039, 99 Mo. 81; Ex parte Thompson, 52 Ala. 98 Hopson's Appeal, 65 Conn..146; McCrea v. Roberts, 89 Mo. 238, 43 Atl. 39.

Right of appeal is wholly statutory not constitutional. 2 Enc. Pl. & Pr. 16; People v. Richmond, 10 Col. 274, 26 Pac. 929; Myrick v. McCabe, Supra.

FISK, J.   The relator makes application to this court for a writ commanding respondent, judge of the county court of McHenry county, to file relator's application for a druggist's permit, and to assume jurisdiction to hear and determine the same.   The sole question involved is the constitutionality of chapter 183, page 266, Laws 1909, which deprives county judges of the powers and duties heretofore granted and imposed upon them relative to the issuance of druggist's permits, and attempts to impose such duties upon the judges of the district courts.   Relator's contentions are that chapter 183 aforesaid is unconstitutional:   First, because it is an attempt to confer upon the district court, or the judge thereof, nonjudicial powers; and second, that it is repugnant to section 109 of the state Constitution, in that it deprives the applicant of the right of appeal granted by that section from the decisions of the district court.

The provisions of the Constitution relied upon by relator's counsel in support of their contentions are the following:

"Sec. 85.   The judicial powers of the state of North Dakota shall be vested in the Supreme Court, district courts, county courts, justices of the peace, and in such other courts as may be created by law for cities, incorporated towns and villages."

"Sec. 103.   The district courts shall have original jurisdiction, except as otherwise provided in this Constitution, of all causes both of law and equity, and such appellate jurisdiction as may be conferred by law.   They and the judges thereof shall also have jurisdiction and power to issue writs of habeas corpus, quo warranto, certiorari, injunction, and other original and remedial writs with authority to hear and determine the same."

"Sec. 109.   Writs of error and appeals may be allowed from the decisions of the district courts to the Supreme Court under such regulations as may be prescribed by law.".

"Sec. 21. The provisions of this Constitution are mandatory and prohibitory, unless by express words, they are declared to be otherwise."

Taking up relator's first contention that the duties attempted to be imposed upon the district judges under the statute in question are nonjudicial in the broad sense of the term, we are convinced that such contention is unassailable. The powers and duties thus attempted to be conferred are clearly administrative, rather than judicial in character. They are akin to many other duties of an administrative character conferred upon boards or officers to examine and pass upon applications for licenses to practice medicine or dentistry, or to dispense intoxicating liquors in states which license such traffic. The duties imposed upon drainage boards under our statute are of a similar administrative character. While in the discharge of such duties the officer or board may be called upon to act judicially in a sense; the duties are no less administrative in character. If, as contended by respondent's counsel, such duties are judicial as distinguished from administrative, it would inevitably follow as a logical conclusion that it would be beyond the power of the Legislature to confer such duties elsewhere than upon the courts, as all judicial power is, by the Constitution, expressly conferred upon the various courts therein enumerated. That the Legislature can confer such duties upon administrative boards and officers cannot be doubted.

The many authorities cited by respondent's counsel merely go to the question that duties requiring the exercise of judgment and discretion are of a quasi judicial, and not of a mere ministerial, character. This is manifestly true, but we are not here confronted with any such proposition.

We deem it unnecessary to cite authorities in support of the foregoing. Our conclusion is that such duties as are sought to be conferred upon the district judges by the act in question are of an administrative character. This brings us to a consideration of the question whether, under our Constitution, it is within the legislative power to impose such duties upon district judges. Upon this question the courts are divided; the weight of authority appearing to be against such legislative power. The recent case of Bank v. Town of Greenburgh, 173 N. Y. 215, 65 N. E. 978, wherein the majority of the judges upheld the validity of a statute similar on principle to the one here involved, but which contains a very able

dissenting opinion by Chief Justice Parker, concurred in by Judges Vann and Werner, furnishes good statements of the respective views of judges upon the question. See, also, Moynihan's Appeal, 75 Conn. 358, 53 Atl. 903; Tyson v. Washington County, 78 Neb. 211, 110 N. W. 634, 12 L. R. A. (N. S.) 350; In re Weston, 28 Mont. 207, 72 Pac. 512; State v. Brill, 100 Minn. 499, 111 N. W. 294, 639, 10 Am. & Eng. Ann. Cas. 425. The opinion of Elliott, J., in the latter case is very able and exhaustive, reviewing, as it does, the decisions of many courts upon this question and in addition to the authorities cited in the opinion, and the valuable note thereto in 10 Am. & Eng. Ann. Cas. 425, we deem it unnecessary, as well as useless, to call attention to other cases with the exception of those collated in the valuable notes to Foster v. Rowe, 8 Am. & Eng. Ann. Cas. 595.

The various authorities must be read and weighed in the light of the respective state Constitutions in force where such decisions were rendered, which, of course, are controlling. As stated in the opinion in State v. Brill, supra: "All the states, except New York Pennsylvania, Ohio, Wisconsin, Kansas, Delaware, North Dakota, and Washington, have adopted Constitutions which contain a distributing clause expressly providing for the division of governmental powers among three departments. All the states that have adopted this clause except Rhode Island, Connecticut and North Carolina, have further provided that no person or persons exercising the functions of one department shall assume or discharge the functions of any other department. The constitutions of all the states except Rhode Island, Connecticut, New Jersey, North Carolina, Louisiana, New Hampshire, Massachusetts, New York, Virginia, West Virginia, and South Carolina, provide that the powers shall be separated except in cases expressly directed or permitted. South Dakota provides 'that the powers of the government of the state are divided into three distinctive departments, the legislative, executive and judicial; and the powers and duties of each are prescribed by this Constitution.' Article 2. The Constitution of the United States and the Constitutions of New York, Pennsylvania, Ohio, Wisconsin, Kansas, Delaware, Washington, and North Dakota, contain no general distributing clause." After thus reviewing the various Constitutions the court further says: "Irrespective of the existence of a distributing clause, it is held that the creation of these departments operates as an apportionment of the different classes

of power. * * * As all departmemnts derive their authority from the same Constitution, there is an implied exclusion of each department from exercising the functions of the others." The court thereafter proceeds to review the many authorities both pro and con, and reaches the conclusion that the statutes there under consideration are unconstitutional "because they assume to impose upon the members of the judiciary powers and functions which are by the Constitution of the state assigned to another department of the government." There is much force in the views thus expressed by the Minnesota court, and, were it not for the fact that our Constitution contains a provision radically different in a vital particular from any other state Constitutions excepting two, we would be inclined to adopt the views of the Minnesota court.

Under article 4 of our state Constitution, which deals with the judicial department, we find the following section: "Sec. 96. No duties shall be imposed by law upon the Supreme Court or any of the judges thereof, except such as are judicial, nor shall any of the judges thereof exercise any power of appointment except as herein provided." It is a very significant fact that no like provision is found with reference to the imposition of nonjudicial duties upon other courts or the judges thereof. As before stated, there are but two Constitutions containing such provision. They are the Constitutions of Pennsylvania and Wyoming. We do not find that this question has ever arisen in the latter state, but in Pennsylvania, in a very recent case, the Supreme Court expressly passed upon a constitutional provision identically the same as section 96 aforesaid. and that court reached the conclusion that the Legislature had the power to impose nonjudicial duties upon courts and judges other than those mentioned in said section. We quote from the opinion of the court as follows: "* * * We pass to the next objection raised to the act, which is that it imposes upon the court duties that are not judicial. The executive, legislative, and judicial branches of the state government are created by the people through their Constitution, and the power and duties of each are such only as are expressly conferred or imposed, or are inherent by necessary implication. But there are no powers inherent in either of the branches, nor duties to be evaded by either of them, if such powers have been expressly withheld from it by the people, or duties have been imposed upon it by them; and therefore no duty can be evaded by the executive or judiciary if the people have authorized its imposition

by the Legislature, their lawmaking power, on· either of these branches. In the judiciary article the judges of but one court are exempt from the imposition of nonjudicial duties, and from them alone is the power of appointment withheld. 'No duty shall be imposed by law upon the Supreme Court or any of the judges thereof, except such as are judicial, nor shall any of the judges thereof exercise any power of appointment except as herein provided.' Const. art. 5, section 21. 'Expressio unius est exclusio alterius, is no less true of this clause than of any statute; and it is therefore to be presumed that the people * * * adopted the clause containing the limitation upon this court alone and left the judges of the other courts to continue to appoint when directed to do so by the Legislature. The real question is not as to the character of the duty to be performed by the courts under the act of 1905, but as to the constitutional power of the Legislature to impose it. If that power exists, the duty imposed in this clear exercise of it must be performed." Commonwealth v. Collier, 213 Pa. 138, 62 Atl. 567. It will be seen that the foregoing decision is directly in point, involving a constitutional provision verbatim like ours, and we are entirely satisfied with the soundness both of the reasoning and conclusions of that court.

If the maxim "Expressio unius est exclusio alterius" is not to be applied to the constitutional provision aforesaid, as it is thus applied by the Supreme Court of Pennsylvania, it is perfectly apparent that such section is not only useless but meaningless, and should have been omitted by the framers of our Constitution. The constitutional power existing in the Legislature to impose these duties upon district judges, it is of no concern to this court whether such exercise of power is in consonance with a wise public policy or not. This is, of course, a matter resting wholly with the Legislature.

In arriving at the above conclusion we are not unmindful of the fact that this court, in Glaspell v. City of Jamestown, 11 N. D. 86, 88 N. W. 1023, held void certain statutory provisions authorizing district courts to exclude territory from the corporate limits of cities in certain cases, upon the ground that such provisions sought to vest legislative powers in such courts. In that case, however, it was expressly conceded that if the power conferred was not judicial, the law was repugnant to the Constitution, and therefore, void. Hence the question here presented was not there raised nor

considered, and consequently the decision cannot be treated as a controlling authority on such point.

The duties imposed by chapter 183, although of an administrative character, and belonging in the broad sense of the term to the administrative or executive department of the state government, may be said to involve in their discharge functions of a quasi judicial nature. Whether the Legislature possesses the unrestricted power to impose upon the district courts or the judges thereof duties neither of a judicial nor quasi judicial character, but purely of a legislative, executive, or ministerial character, we are not here called upon to decide. The case of Glaspell v. Jamestown involves an instance of an attempt to impose on the district court duties purely legislative in character.

But one other proposition remains for consideration. It is contended that the act in question is unconstitutional because no right of appeal is allowed from the determination of the district judge. Such contention is based upon section 109 of our Constitution, which reads as follows: "Writs of error and appeal may be allowed from the decisions of the district courts to the Supreme Court under such regulations as may be prescribed by law." There are two sufficient answers to such contention: First, such provision is not mandatory, but merely permissive; and, second, the duties being purely administrative—not judicial—such constitutional provision has and could have no application.

Our conclusion is that the act in question is not vulnerable to either of the attacks made against it, and that the writ prayed for should be accordingly denied. All concur.

ELLSWORTH, J. (specially concurring). I concur in the result announced in the foregoing opinion upon the sole ground that the duties imposed upon the judges of the district court by chapter 183, p. 266, Laws 1909, relative to the issuance of druggists' permits, are quasi judicial, and neither clearly administrative nor purely legislative. When for the effective discharge of an important public purpose it is necessary that a single officer shall perform a duty made up partly of judicial functions and partly of functions purely administrative, so interwoven that it is impracticable to require a separate performance of these functions by officers of the judicial and executive departments, respectively, I believe that under our Constitution this duty may be imposed upon an officer of either department. Bishop on Noncontract Law sections

785-786; Mechem, Public Officers, sections 637-639; Bair v. Struck, 29 Mont. 45. 74 Pac. 69, 63 L. R. A. 481. If the Legislature sees fit to impose a complex duty of this character upon a judicial officer, it may be regarded as coming within his department in the same way that duties involving judicial functions may be assigned to officers of the executive department. If the duty is, however, clearly administrative or legislative, I do not believe that under our Constitution it can be imposed upon a judge of the district court. The reasons for this holding are clearly and to me satisfactorily set forth in the opinion of Chief Justice Morgan in the case of Glaspell v. City of Jamestown, 11 N. D. 86, 88 N. W. 1023; and in my view it is not necessary in deciding this case to in any manner modify or lessen the force of the principles announced in that case. I, therefore, limit my concurrence in this opinion to the holding that the duties required of the district judges in issuing druggists' permits are quasi judicial, and not clearly administrative, and to the result announced.

(124 N. W. 397.)