## Carter H. Harrison, Mayor, etc., v. The People, etc., ex rel., etc.

1. MANDAMUS—*Not to be Issued Unless the Right to it is Clear.*—Under an ordinance providing that the mayor of Chicago is authorized to issue a license to keep a bowling alley, a peremptory mandamus will not be issued to compel him to do so.

2. NUISANCES—*Bowling Alleys Are Not, Per Se.*—Bowling alleys kept for hire are not nuisances *per se* everywhere, but they may be such in certain places.

Mandamus.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Reversed and remanded. Opinion filed March 18, 1902.

Fred Jaeger, the 4th day of October, 1900, filed his petition in the Circuit Court for a mandamus commanding the mayor of the city of Chicago to issue to him a license to

Harrison v. The People.

conduct a bowling alley on the corner of Webster avenue and Sheffield avenue, in the city of Chicago. Jaeger's petition was based upon ordinances of the city which provide, in substance, that no person shall keep a bowling alley for profit, unless licensed so to do; and authorizing the mayor to issue licenses to persons to keep and run for profit, bowling alleys, upon payment to the city collector at the rate of $10 for each and every alley desired to be operated for profit.

The mayor in his answer to the petition set forth the reasons why he had refused to issue the license; among these are the following: This respondent says that the reason why he has refused to issue a license to said petitioner to operate bowling alleys at the point designated in the petition, namely, 255 Webster avenue, is that said premises so desired to be devoted to the use of carrying on and operating bowling alleys are in close proximity to a church, a college for young men and a school and academy for children and young ladies, and also are within a neighborhood not wholly but mainly residence, and further, that said building erected by said petitioner, as aforesaid, and equipped with bowling alleys, as aforesaid, is attached to a saloon operated by the petitioner and connected with said saloon by a door or some other opening, and that the operation of bowling alleys in connection with a saloon would practically extend the saloon to within less than 200 feet of a church and would thereby be violating what has been the uniform practice both of this respondent as mayor of the city of Chicago and of his predecessors, namely, not to allow a saloon within 200 feet of any church, and that, for the reasons aforesaid, bowling alleys operated with a saloon in such district would be a nuisance; that on the north side of Webster avenue, immediately opposite said premises, 255 Webster avenue, there is a church known as St. Vincent's church; that services are held in said church almost daily throughout the year and during some seasons of the year several times during the day and evening; that the parish to which said church belongs consists of about

6,000 people; that at the western boundary of the block in which petitioner's said building is located, there is a school known as St. Vincent's school, being a parochial school, attended by about 700 pupils, the rear of the school building being about 120 feet from the said building proposed to be used by the petitioner as a bowling alley; that St. Vincent's church is a Catholic church; that said school on Webster avenue is a parochial school connected with said church, and the said St. Vincent's college is a college belonging to said church; that services are held in said church on every day during the year, and sometimes in the evening; that during Lent services are regularly held on every evening; that the said petitioner operated two bowling alleys in his said building for a day and an evening during the month of August, 1900; that the noise created by the operation of said two bowling alleys, by the rolling of bowls along the alleys, the striking of the pins and the falling of the pins when struck by the bowls, was distinctly and clearly heard in said St. Vincent's church and in the rooms of said college building and in said parochial school, and was loud enough to prevent a priest from being heard by the congregation while carrying on services in said church, and to prevent the professors and teachers from being heard by the students while giving instruction in the class rooms in said college and in said parochial school; that the noise created by the bowling on said two bowling alleys on said two occasions was also loud enough to, and did seriously annoy and disturb people living in the neighborhood in the enjoyment of their residences.

To this answer the petitioner demurred; which demurrer being sustained a peremptory writ of mandamus to the mayor was issued commanding him forthwith to issue to the relator, Fred Jaeger, a license permitting said Fred Jaeger to run and operate a bowling alley for profit at 255 Webster avenue, in the city of Chicago, being the premises described in the petition.

The mayor prosecutes this appeal.

CHARLES M. WALKER, corporation counsel, and HENRY

SCHOFIELD, assistant corporation counsel, attorneys for appellant.

ARNOLD TRIPP, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The ordinance upon which appellee relies is not that the mayor *shall* issue licenses, but that he is authorized so to do.

A peremptory writ of mandamus will not be issued unless the right to it be clear. The petition must show on its face a clear right to the writ demanded and its issue is a matter of discretion with the court. The People ex rel. v. Davis et al., 93 Ill. 133.

We are also of the opinion that the mayor has a discretion as to whether he will issue such licenses. As is said in Swift v. The People, 63 Ill. App. 453, as to the discretion of the court, the discretion of the mayor can not be arbitrary—governed by fancy, caprice or prejudice; it must be a sound discretion, guided by law, legal and regular. The mayor has not a discretion to refuse or issue licenses at his mere pleasure—grant to some under the very circumstances which he denies to others.

A bowling alley kept for hire is not a nuisance, *per se*, everywhere; yet it may be such, as may be a tannery, in some places.

Because the court will refuse to enjoin the keeping at a certain place of a bowling alley for profit, it does not follow that it will compel the public authorities to issue a license for one at the same place.

Courts do not seek to take upon themselves the regulation of the business, manners or pleasures of the community. They decide such cases as properly come before them and are not disposed to relieve executive officers of the duties or discretion by law imposed upon them.

Courts act and decide in relation to lawful rights. Being of the opinion that the answer of the mayor showed a valid reason for refusing to issue to the relator the license for which he asks, the judgment of the Circuit Court is reversed and the cause remanded.