# GRACE FARLEY v. LAWTON SCHOOL DISTRICT, NO. 41.

### (137 N. W. 821.)

**Schools and school districts — contract made with school-teacher — segregation and organization of new district.**

1. Plaintiff seeks to recover salary as a school-teacher under a contract with the school board of Homer school district. Prior to the date of such contract the territory in which such school was located was duly segregated from Homer school district and organized into a separate and distinct school corporation known as "Lawton school district No. 41," the defendant herein, although the school officers for such new district were not elected and did not qualify until later.

*Held,* that the action of the county commissioners and county superintendent of schools, in granting the petition for the segregation of such territory and the organization of such new school district, operated *ipso facto* to create the defendant district as a distinct school corporation, and at that time the school board in the old district ceased to possess any authority or jurisdic-

tion over the schools in such new district, and the contract upon which plaintiff seeks to recover is therefore of no binding force or effect.

Opinion filed September 21, 1912.

Appeal by plaintiff from a judgment of the County Court of Stutsman County, *Marion Conklin,* J., in defendant's favor in an action under an alleged contract to recover salary as a school teacher.

Affirmed.

*C. S. Buck,* of Jamestown, for appellant.

*F. Baldwin* and *John U. Hemmi,* of Jamestown, for respondents.

·FISK, J.    Appellant seeks to recover from defendant under an alleged contract entered into by her with the school board of Homer school district No. 15 in Stutsman county, on July 14, 1908, whereby such board undertook to employ her as a teacher for the period of nine months, beginning on the first Monday of September thereafter. The facts are not in dispute, and the sole question of law involved is as to whether the school board of Homer school district No. 15 had any legal ·authority to enter into the contract of hiring, and this in turn involves the question as to whether, at the date of such contract, defendant Lawton school district No. 41 had been organized as a separate and distinct school corporation.

Until duly organized as a separate and distinct district, Lawton school district No. 41 was embraced within Homer school district No. 15, but prior to July 6, 1908, the voters of Homer school district duly petitioned the· county superintendent of schools and the board of county commissioners of Stutsman county to divide said Homer school district and create a new district to be known as Lawton school district No. 41, and on July 6, 1908, such petition was granted by ·said officials. Thereafter the county superintendent of schools, pursuant to statute, gave notice of an election to be held on the 28th day of July for the purpose of electing officers for such new district, on which date such officers were duly elected and they qualified on August 6th thereafter.

It is the contention of appellant that Lawton school district No. 41 did not become organized as a separate and distinct school corporation until such time as it had ·elected its officers, and that until such

election took place the school board of the old district had jurisdiction over the schools in such proposed new district, with authority to enter into any and all contracts pertaining thereto, which contracts may be enforced against such new district upon the final completion of its organization as such.

We are clearly of the opinion that appellant's contention is unsound. Lawton school district No. 41 became a distinct legal entity immediately upon the action of the county commissioners and superintendent of schools segregating such territory from the old district. This is made manifest from the language employed in the following sections of the Code: 786, 794, 798, and 792, Revised Codes 1905. The fact that such new district was temporarily without officers is in no manner controlling. This court in the early case of Coler v. Dwight School Twp. 3 N. D. 249, 28 L.R.A. 649, 55 N. W. 587, settled this question adverse to appellant's contention. Judge Corliss, in writing the opinion, among other things said: "The county superintendent creates the district. His decision, embodied in written form, is the act which calls the new corporation into being. . . . The corporation exists; the district officers exist; but no election of officers can be held until after certain acts are performed. This is the plain reading of the statute. . . . A municipal corporation may have life although there are no officers in office."

This court in State ex rel. Laird v. Gang, 10 N. D. 331, 87 N. W. 5, reasserted, in effect, the same doctrine, and we see no reason at the present time to depart from the reasoning and conclusions in the foregoing cases on the point here in question, and we deem them decisive and controlling in the case at bar. It would serve no useful purpose to review at length in this opinion the argument contained in appellant's brief. Suffice it to say that, after duly considering the same, we are unable to concur in the views therein expressed.

Our conclusion calls for an affirmance of the judgment, and it is accordingly affirmed.

Burke, J., disqualified and not participating.