## FRANK HUNSTIGER v. HENRY KILIAN and Others.[1]

July 23, 1915.[2]

Nos. 19,348—(234).

**Appeal from town board of health.**

1. G. S. 1913, § 4668, gives a right of appeal to the district court from an order of a town board of health denying an application for a permit to operate a rendering plant within the town.

**Town board of health — without judicial power.**

2. Only judicial functions are vested in the courts. Judicial power is the power that adjudicates upon the rights of persons or property, and to that end declares, construes and applies the law. The action of the town board in such a case as this is not judicial.

**License to exercise an occupation.**

3. The issuance of licenses for occupations is an exercise of the police power of the state. The establishment of regulations for the government of such occupations is a legislative function; the enforcement of such regulations is an administrative function. The proceedings of a license board in such cases is, however, quasi-judicial.

**Appeal from licensing board.**

4. The court on appeal does not try the matter anew as an administrative body and substitute its findings for those of the board. It will not disturb the action of the board unless such action is arbitrary, oppressive or unreasonable, or is without evidence to support it, or is contrary to law.

---

[1] Reported in 153 N. W. 869, 1095.

[2] For opinion denying petition for reargument, see page 538.

Frank Hunstiger petitioned the town board of the town of St. Cloud, and *ex-officio* board of health of that town, for permission to conduct a rendering plant on the premises described in the petition. From its order denying the application, petitioner appealed to the district court for Stearns county. The appeal was heard before Roeser, J., and a jury which rendered a verdict in favor of petitioner. From an order denying the motion of respondent members of the town board of St. Cloud for judgment notwithstanding the verdict or for a new trial, they appealed. Reversed and new trial granted.

*R. B. Brower,* for appellants.

*J. D. Sullivan,* for respondent.

HALLAM, J.

Frank Hunstiger made application to the town board of the town of St. Cloud for a license to operate a rendering plant at a given place within said town. The board denied the application and the applicant appealed to the district court.

1. The first question before us is, does the statute give the applicant any right of appeal?

Section 4666, G. S. 1913, provides that no person shall, without written permission of the board of health of any town, engage therein in any trade or employment from which noisome odors may arise. The town board is the board of health (G. S. 1913, § 4643), and a rendering plant is within the statute.

Section 4667 provides that "such local boards, from time to time, may designate places within their respective jurisdictions wherein such trades or employments may be carried on, by orders filed with the town * * * clerk, and may revoke the same by like orders. Within twenty-four hours after written notice of any such revocation, every person exercising such trade or employment in the locality to which it relates shall cease to do so."

Section 4668 provides that "within five days after service of such notice, any party aggrieved by an order made under sections 4666, 4667, may appeal therefrom to the district court of the county."

It is the contention of the town that an appeal lies only from an order revoking permission to conduct a business in which the

person to whom the notice is directed is already engaged. The sections we have quoted are not clear upon this point. Section 4668 gives the right of appeal to "any party aggrieved by an order made under sections 4666, 4667," and these sections cover orders granting permission to carry on such trade or employment, designating places where the same may be carried on, and revoking such orders of designation. The doubt arises from the opening words of section 4668 that, "within five days after service of such notice," a party aggrieved may appeal. Notice of the action of the board is required only in case of an order of revocation, and the town contends that the right of appeal is accordingly limited to the cases where such notice is required. The above sections are the same as sections 2143–2146, R. L. 1905. The original enactment is found in chapter 222, p. 292, Laws 1885, §§ 1–4 (G. S. 1894, §§ 1489–1492). The language of the original statute is more clear. In terms quite plain it provided for action of the board assigning a locality for the exercise of such trade or employment, and prohibiting its exercise in places not so assigned, granting of a permit to carry on such trade or employment, revocation of such assignment, and notice of such revocation. It is then provided in unequivocal terms that "any person or corporation aggrieved by any order of such board may appeal therefrom to the district court." The same aggravating provision that "appeal shall be taken * * * within five (5) days after the service of such order" appears later in the section. From the position in which this language appears it could hardly be understood as nullifying any part of the right of appeal which was so unequivocally given. We think the original statute manifested an intent to give a right of appeal to one to whom permission and assignment of place had been refused. Invoking the rule of construction that changes made by a revision of statutes will not be construed as altering the law unless it is clear that such was the intention (State v. Stroschein, 99 Minn. 248, 109 N. W. 235), we hold that the present statute likewise gives to a person to whom a permit is denied the right of appeal to the district court.

2. The remaining questions in the case relate to the nature of the

issues to be tried on appeal. The trial court charged the jury as follows:

"The fact that permission has been refused Mr. Hunstiger to operate this rendering plant by the town board is not to carry any weight with the jury. They are to decide this matter and render their verdict without any reference to the town board;" and further that:

"If the jury believe from the evidence that Mr. Hunstiger, if he properly operates this rendering plant, can do so without such operation being hurtful to the inhabitants of the town, or dangerous to the public health, or injurious to neighboring property, or that noisome odors will not arise therefrom, then the jury may grant him permission to operate this rendering plant. But if the jury believe to the contrary, that the location is of such a character that it will be improper to permit a rendering plant to be operated at this place, then it may refuse such permission."

In other words the jury were instructed to resolve themselves into a licensing board and to grant or withhold a license, as, in their judgment, should seem expedient and wise. We are of the opinion that this is an incorrect rule of law. The statute is not very explicit as to the precise functions of the court on appeal. Section 4668 provides that, "upon the return of the verdict, the court may either alter or amend the order of the board, or confirm or amend it in full, to conform to such verdict. If the matter be tried by the court, it shall have and exercise the same power." This is perhaps broad enough to give the court any power which it may constitutionally exercise. We must determine the power of the court on appeal, not alone by reference to the language of the statute, but by referring to the Constitution of the state as well.

The powers of government of this state are divided by the Constitution into legislative, executive and judicial. Const. Art. 3, § 1. Only judicial functions are vested in the courts. Judicial power is the power that adjudicates upon the rights of persons or property; and to that end declares, construes and applies the law. People v. Chase, 165 Ill. 527, 538, 46 N. E. 454, 36 L.R.A. 105; People v. Simon, 176 Ill. 165, 169, 52 N. E. 910, 44 L.R.A. 801, 68 Am. St.

175. It seems clear that the issuance of a permit to operate a rendering plant is not a judicial act. If a statute should confer upon the district court and a jury in the first instance the power or authority to grant a permit for such purpose, no one would seriously doubt that such a statute imposed on the court the exercise of nonjudicial power. It does not make the power any more a judicial power to confer it by appeal from the action of a board that must act in the first instance, if, when the matter comes into court, it is to be disposed of in the same manner as though it had originated there and without regard to the action of the board from which the appeal is taken.

3. The power to issue a permit or license to operate a rendering plant, and to assign the locality within which such a plant shall be operated, is an exercise of the police power of the state. The purpose of such regulation is to secure and safeguard the health and comfort of the community. The principle underlying the exercise of the power to license and regulate such an occupation is the same as that underlying the power to license and regulate professions that have to do with the preservation of health and the treatment of disease, or trades such as barbering, or callings such as caring for refuse matter, the proper regulation of which is essential to public health and comfort. The establishment of regulations for the government of such occupations is a legislative or quasi-legislative function; the enforcement of such rules is primarily an administrative, but may be a quasi-judicial function. Nelson v. State Board of Health, 186 Mass. 330, 71 N. E. 693. In State v. Redington, 119 Minn. 402, 138 N. W. 430, it was said the issuance of theater licenses is a legislative power. In State v. State Board of Medical Examiners, 34 Minn. 387, 26 N. W. 123, "serious doubt" was expressed as to whether the proceedings of a state board of medical examiners in the matter of revocation of a license of a physician was "even quasi-judicial." In another case it was said, however, that the action of this board in refusing to issue a license was "not merely ministerial, but partakes of a judicial character." State v. State Medical Examining Board, 32 Minn. 324, 328, 20 N. W. 238, 50 Am. Rep. 575. We are of the opinion that the function of the town board in

this case is properly termed a quasi-judicial function. We think it equally clear that the legislature never intended that the court should put itself in the place of the town board, try the matter anew as an administrative body, and substitute its findings for those of the board. A statute which so provided would be unconstitutional as a delegation to the judiciary of non-judicial power. Steenerson v. Great Northern Ry. Co. 69 Minn. 353, 375, 72 N. W. 713; Detroit & M. Ry. Co. v. Michigan R. Comm. 235 U. S. 402, 35 Sup. Ct. 126, 59 L. ed. 288.

This does not mean that appeal does not lie to the courts from the determination of the town board. The right of appeal from the action of administrative boards acting in a quasi-judicial capacity is frequently conferred by statute. Instances of this sort are found in appeals to the courts from the action of the railroad commissions, boards of medical examiners, and other commissions or boards, for the regulation of trades or employments. "The appeal in such cases is not permitted because the action of the board is considered judicial, but it is granted as a method of getting the matter involved before a court that it may be determined judicially." Board of Commrs. of Huntington Co. v. Heaston, 144 Ind. 583, 591, 41 N. E. 457, 43 N. E. 651, 55 Am. Rep. 192. The doubtful question here relates not to the right of appeal but to the function of the court after the appeal is taken.

4. There are in the books numerous cases of appeals from orders of license boards, some from orders revoking licenses (City of Taunton v. Taylor, 116 Mass. 254; Sawyer v. State Board of Health, 125 Mass. 182; Inhabitants of Belmont v. New England Brick Co. 190 Mass. 442, 77 N. E. 504; Munk v. Frink, 81 Neb. 631, 116 N. W. 525, 17 L.R.A.(N.S.) 439; State Board of Health v. Roy, 22 R. I. 538, 48 Atl. 802); and some from orders refusing licenses (Williams v. State Board of Medical Examiners, 120 Minn. 313, 139 N. W. 500; State v. First Dist. Ct. 19 Mont. 501, 48 Pac. 1104; In re Littlefield, 61 Wash. 150, 112 Pac. 234). None of them, so far as we are advised, deal with the question of limitation upon the power of the court on appeal, either under statutes or constitutional provisions. The rule applied on appeals from administrative boards hav-

ing to do with the regulation of railways, is that the court will not disturb the judgment of the board whose action is under review, unless the action is arbitrary, oppressive or unreasonable, or without evidence to sustain it, or contrary to law. Steenerson v. Great Northern Ry. Co. 69 Minn. 353, 72 N. W. 713; State v. Great Northern Ry. Co. supra, p. 57, 153 N. W. 247; Interstate Com. Comm. v. Union Pac. R. R. Co. 222 U. S. 541, 547, 32 Sup. Ct. 108, 56 L. ed. 308; See also State v. Minneapolis & St. L. R. Co. 76 Minn. 469, 79 N. W. 510; Fohl v. Common Council of Village of Sleepy Eye Lake, 80 Minn. 67, 82 N. W. 1097; State v. Zimmerman, 86 Minn. 353, 90 N. W. 783, 58 L.R.A. 78, 91 Am. St. 351; Harrison v. People, 101 Ill. App. 224; People v. Grant, 126 N. Y. 473, 27 N. E. 964. We deem this the proper rule to apply to this case.

The case was not tried or submitted to the jury on this theory and a new trial must be had.

Order reversed and new trial granted.