## J. C. FARRELL v. COUNTY OF SIBLEY.[1]

January 26, 1917.

Nos. 20,093—(221).

**School district — change of boundary — review on appeal.**

1. On an appeal to the district court from an order of the board of commissioners changing the boundaries of a school district, in proceedings under G. S. 1913, §2677, the only question presented to the court is whether the order appealed from was fraudulent, arbitrary, unjust or an unreasonable disregard of the best interests of the territory affected.

**Same — question of necessity not judicial.**

2. The question of the propriety and necessity of the proposed change is a legislative and not a judicial question.

**Appeal and error — no reversal when evidence is not decisively opposed to finding.**

3. Where the evidence presented on the appeal leaves in doubt the question whether the best interests of the affected territory justify the proposed change, the decision of the county board should not be disturbed by the court.

**Evidence insufficient.**

4. Evidence *held* insufficient to justify vacating the order of the county board here under review.

**Appeal and error — statute inapplicable.**

5. Section 675, G. S. 1913, providing for the pleadings on appeals from the board of county commissioners in the allowance or disallowance of claims against the county has no application to appeals taken under section 2676, G. S. 1913.

[1]Reported in 161 N. W. 152.

From an order of the board of county commissioners of Sibley county, denying a petition for the enlargement of Independent School District No. 71 of that county, J. C. Farrell, a resident and legal voter of that district, appealed to the district court for that county, on the ground that the action of the board was against the best interests of the territory affected and of the inhabitants thereof. The appeal was heard before Morrison, J., who made findings and ordered judgment reversing the order of the county board and attaching to the school district the territory described in paragraph 3 of the findings. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*W. C. & W. F. Odell,* for appellant.

*W. H. Leeman,* for respondent.

BROWN, C. J.

Proceedings by petition of freeholders under section 2677, G. S. 1913, for the enlargement of Independent School District No. 71, of Sibley county, by adding thereto certain territory to be detached from adjoining common school districts. The petition was duly presented to the board of county commissioners as required by the statute, together with a remonstrance against the proposed change, and after due consideration of the matter and of the evidence tendered in support of and in opposition to the same, the prayer thereof was denied and the proceeding dismissed. An appeal was taken to the district court, as authorized by section 2676, where it was heard by the court without a jury, resulting in a reversal of the order of the county board and a judgment granting the prayer of the petition. The remonstrants appealed.

The record presents one principal question, namely, whether, within the rule controlling the decision of the courts in such proceedings, the findings of the trial court are sustained by sufficient evidence.

1. The extent of the authority and jurisdiction of the courts in matters of this character is well settled in this state as well as elsewhere. The matter of establishing, enlarging the boundaries of or of dissolving municipal corporations is purely legislative. Jurisdiction in that respect cannot, either directly or indirectly, be conferred upon the

courts. State v. Simons, 32 Minn. 540, 21 N. W. 750; 2 Notes on Minn. Reports, 659. Yet a limited jurisdiction, by way of appeal from the legislative body of whose decision complaint is made, may be and often is conferred upon the courts by express legislation. But the jurisdiction thus-conferred is necessarily confined to questions affecting the legality of the proceedings, the jurisdiction of the board or officer whose decision is sought to be reviewed and, as to the merits of the controversy, whether the order or determination in a particular case was fraudulent, arbitrary or oppressive, or an unreasonable disregard of the best interests of the territory affected. Schweigert v. Abbott, 122 Minn. 383, 142 N. W. 723; Sorknes v. Board of Co. Commrs. of Lac qui Parle County, 131 Minn. 79, 154 N. W. 669; School Dist. No. 36 Marshall County v. School Dist. No. 21 Marshall County, 134 Minn. 82, 158 N. W. 729. In proceedings under the statute for a change in the boundaries of school districts, the question whether the best interests of the affected territory, and of those residing therein, will be enhanced by the proposed change, is the primary question submitted to the board of county commissioners, but is not the question with which the court is confronted upon an appeal from the order of that body. To avoid intermeddling with the legislative judgment and discretion vested in the local body, the question presented to the court is much narrower and, aside from questions of law going to the regularity of the proceedings and the jurisdiction of the local board or tribunal, is limited to an inquiry into the character rather than the propriety or necessity of the order. In other words, as remarked by Justice Hallam in the case of Hunstiger v. Kilian, 130 Minn. 474, 153 N. W. 869, 1095, "the court should not put itself in the place of the town board, try the matter anew as an administrative body, and substitute its findings for those of the board. A statute which so provided would be unconstitutional as a delegation to the judiciary of nonjudicial power."

In the case at bar there was a finding that the county board in denying the prayer of the petition acted oppressively and unjustly, and not for the best interests of the inhabitants of the territory affected. We do not sustain the point made by appellant that the finding is not broad enough to bring the order of the court within the rule controlling its decision in such cases, and hold it sufficient in that respect. But we are clear

that the evidence presented in the record is insufficient to justify the finding. The rule limiting the jurisdiction of the courts in such matters must be strictly adhered to, for a departure therefrom would be a judicial extension of the authority of the courts as conferred by the Constitution, and lead ultimately to the substitution of the judiciary as final arbiter in all legislative and administrative controversies arising from local municipal regulations. To justify interference, therefore, upon the merits of such matters, the evidence should bring the particular case clearly within the rule.

It appears in this case that the petition for a change in the district boundaries was signed by 59 freeholders of district No. 71. A remonstrance was presented by 118 of the inhabitants of that and the adjoining districts. These documents are a part of the record, were before the county board, and are proper for consideration in disposing of the case in this court. The only evidence, in addition to the petition and remonstrance, offered on the trial in the court below, was that of two witnesses, namely, the county auditor, and one of the officers of district No. 71. The auditor produced the records of his office, and therefrom pointed out the extent of territory taken from the adjoining districts; the assessed valuation thereof; the assessed valuation of the property in each of the districts; the number of school children in each, and the amount of state aid paid to the several districts. The evidence in this respect covered the years 1914 and 1915. These facts, he testified, he laid before the county commissioners when the matter was submitted to them, except the records of 1915. But there was no substantial difference between the two years, and it must be taken that all this branch of the case was fully before the commissioners. The officer of the school district testified that the school building in district No. 71, located in the village of Green Isle, has four rooms, in charge of four teachers; he gave the number of school children within the district, the fact that in the neighborhood of 20 children came to the village school from the adjoining districts, and that an enlargement of the school building was in contemplation by the district officers. He also testified that there is a school building in each of the other districts, and that a term of school is held therein each year. He further testified that all the matters referred to by him were given in evidence before

the county commissioners, and were considered by them in disposing of the petition.

. This in point of substance is all the evidence offered in support of the fact necessary to be established in order to warrant the court in overturning the order of the county board. We find it insufficient. There was no evidence of the wishes of those residing in the adjoining districts, any further than disclosed by the remonstrance, which was a vigorous opposition to the proposed change. There was no evidence as to the location of the school houses in the outside districts, or as to the convenience or inconvenience of access by the children residing therein. There is no suggestion of any bias or prejudice on the part of the county board, or that the members thereof did not act fairly at the hearing, or that there was a refusal to receive or consider proper evidence. The evidence presented leaves the matter of the propriety of the proposed change, in our view thereof, in much doubt, and this alone precludes interference by the court with the action of the legislative body.

2. That conclusion results in a reversal of the judgment appealed from. In view of which and of a probable new trial we dispose of the point made by appellant, namely, that the trial court erred in not requiring pleadings to be made up, by holding that pleadings are unnecessary upon an appeal of this kind. Section 675, G. S. 1913, does not apply.

Judgment reversed.