## FRANK J. HUNSTIGER v. HENRY KILIAN AND OTHERS.[1]

February 9, 1917.

Nos. 20,149—(244).

**Town — appeal from order of board — arbitrary action — finding sustained.**

> The evidence on an appeal to the district court pursuant to G. S. 1913, §§ 4666-4668, from an order of a town board denying an application to operate a rendering plant within the limits of the town is *held* to sustain a finding that the action of the town board was arbitrary, oppressive and unreasonable.

Frank Hunstiger appealed to the district court for Stearns county from an order of the town board of the town of St. Cloud, denying his application for a license to conduct a rendering plant at a designated place in that town. The appeal was heard before Roeser, J., who when appellant rested denied the motion of the members of the town board to dismiss the action and at the close of the testimony their motion for a directed verdict, and a jury which returned a verdict in favor of applicant. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, the members of the town board appealed. Affirmed.

*R. B. Brower,* for appellants.
*J. D. Sullivan,* for respondent.

DIBELL, C.

Frank Hunstiger appealed to the district court of Stearns county, pursuant to G. S. 1913, §§ 4666-4668, from an order of the town board of the town of St. Cloud denying his application for permission to operate a rendering plant within the town a short distance south of the city of St. Cloud. The appeal was tried to a jury, as the statute provides that it may be, and a verdict was found for Hunstiger. This appeal is by the

[1]Reported in 161 N. W. 263.

town board from the order denying an alternative motion for judgment or a new trial.

A former appeal by the town board is reported in 130 Minn. 474, 153 N. W. 869, 1095. We there held that on the trial of the appeal the jury could not substitute its judgment as to the propriety of granting permission for that of the town board and that its determination could not be disturbed unless it was arbitrary, oppressive or unreasonable. This is the issue for trial on appeal from the town board. Upon the second trial the court accurately applied the law announced on the first appeal. The important question now is whether the evidence sustains the finding of the jury that the action of the town board was arbitrary, oppressive or unreasonable.

The case was carefully tried. The record is a long one. We have given it thorough consideration. It is unnecessary to summarize the evidence. From it the jury could reasonably find that the proposed plant was in all respects modern; that it was sanitary; that its operation, in the manner intended, would not be detrimental to public health; that offensive odors would not arise from it so as appreciably to affect the public; that it was located reasonably remote from residences and from public highways, and that its character and location minimized the objections naturally arising to the presence of such plants. There is some evidence, perhaps not of much importance, suggesting that the town board had predetermined that no rendering plant should be located within the limits of the town. We are of the opinion that the evidence justifies the finding of the jury that the action of the town board was arbitrary, oppressive and unreasonable. In reaching this conclusion we do not forget that the town board was proceeding in the exercise of the police power, and that its legislative discretion, though it results in limiting the right of a private owner in the use of his property, is not subject to judicial review. The jury cannot substitute its judgment upon the propriety of granting permission for the judgment of the board. It may inquire only whether the judgment of the board was exercised arbitrarily or oppressively or unreasonably. This question was recently considered in Farrell v. County of Sibley, 135 Minn. 439, 161 N. W. 152, involving the change of boundaries of school districts by the county board. It was there held that the evidence did not sustain a finding that the action of the board was arbi-

trary or unreasonable. There was not involved in that case, as there is here, the exercise of police power resulting in the restriction of the use of private property. The scope of review, however, is the same in each, and it was discussed at length and precisely defined and should not have further consideration here.

We have examined all the assignments of error. We find no question, except that discussed, requiring mention.

Order affirmed.