## IN RE PETITION OF JAMES BRAZIL AND OTHERS FOR A CHANGE OF A COUNTY ROAD.

## JAMES BRAZIL v. COUNTY OF SIBLEY.[1]

January 28, 1921.

No. 22,073.

**Highway — change by county board discretionary.**

1. A county board, in altering or changing or refusing to alter or change a highway, exercises legislative discretion with which the courts do not interfere, except when its action is fraudulent or manifestly arbitrary and unreasonable or is based upon an erroneous *theory* of the law.

**Order reversed because board adopted an erroneous theory.**

2. The county board denied a petition for a change of a highway. It was induced to do so in part, as found by the trial court on sufficient evidence, by the erroneous theory which it adopted that it was incumbent upon the petitioners to pay the damages incident to the change. They refused to pay. The board did not exercise the legislative discretion with the correct theory of the law in mind. The court rightly reversed its order.

**Effect of such reversal on further proceedings.**

3. When such an order is reversed because of an erroneous theory of law adopted, which in part induced the denial of the petition, there should not be a judgment changing the highway, but a remand to the county board for further proceedings upon the correct view of the law.

From an order of the county commissioners of Sibley county denying a petition to change a county road, James Brazil appealed to the district court for that county. The appeal was heard by Tifft, J., who made findings reversing the order and directing judgment for a change of the highway as prayed for. From an order denying its motion to amend the conclusions and order for judgment or for a new trial, the county of Sibley appealed. Reversed.

[1]Reported in 181 N. W. 329.

*C. H. MacKenzie,* County Attorney, and *George A. & C. H. Mac-Kenzie,* for appellant.

*T. Otto Streissguth,* for respondent.

DIBELL, J.

The respondent, James Brazil, appealed to the district court of Sibley county from an order denying his petition to alter a county highway. The district court reversed the order and directed judgment for a change of the highway as prayed. The county appeals from the order denying its motion for a new trial.

The case was here before. Brazil v. County of Sibley, 139 Minn. 458, 166 N. W. 1077.

1. The action of the county board in changing or refusing to change a public highway is legislative in character. Courts do not interfere with the legislative discretion reposed in the board, except when its action is fraudulent or manifestly arbitrary and unreasonable, or is based upon an erroneous theory of the law. If the board proceeds on an erroneous theory of the law, the district court on the appeal which the statute gives will reverse its order. This general rule applies to various administrative bodies exercising legislative discretion. Farrell v. County of Sibley, 135 Minn. 439, 161 N. W. 152; Brazil v. County of Sibley, 139 Minn. 458, 166 N. W. 1077; Hunstiger v. Kilian, 130 Minn. 474, 153 N. W. 869, 1095; Hunstiger v. Kilian, 136 Minn. 64, 161 N. W. 263; Paulson v. Board of Co. Commrs. of Yellow Medicine County, 147 Minn. 7, 179 N. W. 217. The cases cited are typical of many more illustrating various applications of the principle.

2. The court finds upon sufficient evidence that "said board acted upon the honest but erroneous belief and theory that before said road should be changed it was incumbent upon the petitioners to settle with all landowners, whose lands would be affected by the change of said road, for the damages which would result from such change and demanded as a condition precedent to the change prayed for an agreement or guaranty by the petitioners to save the county harmless from claims for damages caused by the change of said road; and the refusal of said board to grant said petition was based in part, at least, upon the failure of the petitioners to settle with the landowners for the damages which would

result from the proposed change and upon the failure of petitioners to guarantee to save the county harmless from such damages." The petitioners refused to pay the damages. That this theory as to the payment of damages by the petitioners is erroneous needs no argument. The statute provides that damages shall be paid by the county. G. S. 1913, § 2523. The board has not determined whether the highway should be changed with the correct theory of law in mind. What it would have done, proceeding upon a correct view, cannot be known from the record. The court was right in reversing the order of the board.

3. The court reversed the order and directed the change of the highway as prayed by the petitioners. It correctly reversed the order. It erred in directing a change as prayed by the petitioners. The statute provides that "when on appeal the determination of any town or county board is reversed or altered, the board from whose determination such appeal was taken shall proceed to establish, alter, or vacate such road, in conformity with the decision of such appeal; and the proceedings thereon shall be the same as if they had originally so determined to establish, alter or vacate such road," etc. G. S. 1913, § 2551; Laws 1919, p. 24, c. 24. County roads are "established, altered or vacated only by the county board," and a hearing is had. G. S. 1913, §§ 2519-2524. The statute does not intend that the district court on appeal shall determine as an original proposition, or review except in the limited way before stated, the question submitted to the legislative discretion of the board. Such power could not be constitutionally conferred upon the court. Hunstiger v. Kilian, 130 Minn. 474, 153 N. W. 869, 1095. As stated before the county board has not determined the legislative question whether the highway should be changed with the correct view of law in mind. Upon reversal the court should have ordered judgment directing the county board to proceed with the petition in conformity with its decision. The order is reversed with directions to enter judgment accordingly.

Order reversed.