STATE OF NORTH DAKOTA, EX REL., OLE JENSEN, Appellant, v. JOHN F. STRAUSS, GUS A. REDDIG, HAMPTON LYN-ESS, ED SUCKUT, and ANTON BOHN, as the Board of County Commissioners of Wells County, North Dakota, and SENNEV NERTROST, as Superintendent of Schools, and OTTO G. KRUE-GER, as Auditor of said County, Respondents.

(187 N. W. 964)

Schools and school districts — determination of commissioners in organization district held conclusive, so that it must be held properly organized in absence of showing of fraud.

    1. For reasons stated in the opinion, it is *held* that Harvey School District No. 38 (common school district) was properly and legally organized under Chap. 197, of the Laws of 1917.

Schools and school districts — application for certiorari to review proceedings in organizing new district held properly denied.

2. For reasons stated in the opinion, it is *held* that the trial court properly dismissed the petitioner's application for a Writ of Certiorari.

Opinion filed April 12, 1922—Rehearing denied April 27, 1922.

An appeal from an order of the District Court of Wells County, denying a writ of certiorari. *Coffey, J.*

Order affirmed.

*Adamson & Thompson,* for appellants.

*B. F. Whipple, J. L. Johnston,* and *John O. Hanchett,* for respondents.

It is well settled in this state as well as by recent decisions in Minnesota, Iowa and other states that the creation of municipalities and the changing of the boundaries of the municipalities already created is a legislative and not a judical function, the exercise of which is, by the legislative assembly, properly conferred upon local boards under acts similar to chap. 197, Laws 1919 involved in this case. State ex rel. Johnson v. Clark, 21 N. D. 517; 131 N. W. 715; Glaspell v. Jamestown, 11 N. D. 86; 88 N. W. 1023; Lenroot v. County Commissioners, 40 N. W. 359, Minn.; Moode v. Stearns Co. 45 N. W. 435; In re School Dist. of Granite Falls, 167 N. W. 358 (Minn.); State ex rel. Steinman v. Spellman, 183 N. W. 577, (Iowa).

In the exercise of this judgment this board acted in a legislative capacity and their action was purely a matter of legislative discretion vested in the board, and therefore, not reviewable by the courts upon a writ of certiorari, or in any other manner. Lenroot v. County Commissioners, 49 N. W. 359, (Minn.); Moode v. Stearns Co. 45 N. W. 435, (Minn.); In re School Dist. of Granite Falls, 167 N. W. 358 (Minn.); State ex rel. Steinman v. Spellman, 183 N. W. 577 (Iowa).

"Upon certiorari to review the proceedings of commissioners or other boards or officers, the presumptions are all in favor of their rightful action, and their proceedings will be upheld unless it be made clearly to appear that they have proceeded in a manner not authorized by law." State ex rel. Town of Manitowoc v. County Clerk of Manitowoc County, 16 N. W. 617, (Wis.)

GRACE, C. J.    This is an appeal from an order of the district court

denying a petition for a writ of certiorari. The material facts may first be stated. Prior to the July, 1921, meeting of the board of county commissioners of Wells county, there was a petition filed with it, for the formation of a new school district, designated as Harvey school district No. 38. It was proposed by the petition to form the new district out of parts of four common school districts, Wells, which was composed of an entire township, Harvey, a small city being situated on section 31 of that township, and Hillsdale, Pioneer, and Forward school districts, each composed of a congressional township. The four school districts corner but a short distance from the city of Harvey.

It was proposed by the petition for the formation of district No. 38 that it should be composed of 25 sections, which were to be taken in part from the terriory comprising the four districts; the number of sections to be taken from each were Wells, 9, Pioneer, 4, Hillsdale and Forward, 6 each—all of which formed a solid block of territory, five miles in length and the same in breadth, about the city of Harvey. More than two-thirds of the voters residing within that territory signed the petition for the formation of the new district. This was determined by a checking of the names of the petition with the census.

On May 23, 1921, the county superintendent of schools of Wells county caused to be issued and transmitted by mail, to the various school officers of the four common school districts, a notice of the petition to create and organize district 38 from a certain part of the territory embraced in each of those districts. The notice described the different sections of land to be taken of each of the districts to form the new district, and gave due notice that the petition would be heard at the July meeting of the board of county commissioners, on the 5th day of that month, or as soon thereafter as the matter could be heard. The petition had been theretofore duly filed with the county auditor. On July 8, 1921, the board of county commissioners, having met pursuant to adjournment, proceeded to consider the petition for the organization of the new district; the meeting was thrown open for discussion either for or against its organization. The board listened to complaints against its formation and also to opinions in favor of it; it listened to a large deputation of taxpayers from each of the districts affected. Finally a motion was made and seconded that the session be closed in order that the board might consider the matter. A motion was made that definite action be taken which carried; a motion was then made that the petition be granted; the

county superintendent and all of the county commissioners, except one, voting aye; Commissioner Strauss voted no.

The foregoing facts are substantiated by the affidavits of four of the county commissioners who voted in favor of the formation of the new school district, by affidavit of Otto G. Krueger, the county auditor, and by that of Sennev Nertrost, the county superintendent. After the petition had been thus acted upon and allowed by the board of county commissioners, the plaintiff applied to the district court for a writ of certiorari to be issued and directed to the respondents, commanding them to certify to the court the transcript of the record of all proceedings in connection with the granting of the petition, and requiring them in the meantime to desist from further proceedings in the matter to be reviewed.

Some fifteen affidavits were made in support of the petition for the writ, which were to the effect that the affiants were taxpayers in the territory affected by the creation of the Harvey school district; that its creation would work hardship and financial loss to the taxpayers in the balance of the territory outside the city of Harvey. The affidavit of one, William Lamb, shows the existence, in 1921, of the four common school districts heretofore mentioned, and that three of them are composed entirely of territory which is purely agricultural in character and containing no city, town, or village; that a majority of the petitioners for the formation of the Harvey school district were residents of Harvey; that, at a hearing of the petition, no testimony under oath was taken by the board, showing, or tending to show that the creation of the school district was either desirable or necessary; and that the action of the board in the matter was arbitrary, and will result in irreparable damage and injury to the taxpayers within the remaining portion of the four school districts. Lamb's affidavit is given as a sample of all the affidavits made in support of the petition for the writ.

The court issued an order directed to the respondents to show cause before it, on the 22d day of August, 1921, why the writ should not be issued. Upon the hearing, the petition for the writ was denied. Substantially, the only errors assigned refer to the denial by the court of the application for the writ, and that testimony under oath was not taken at the hearing on the petition for the new school district, showing or tending to show that the creation of the new district was either desirable or necessary.

The new school district was organized under the provisions of chap. 197, Session Laws of 1919, which, in part, provides that:

"The board of county commissioners and county superintendent may organize a new school district from another district or from portions of districts already organized, if in their judgment, the organization of a new district is desirable and necessary, upon being petitioned so. to do by at least two thirds of the school voters residing in the proposed district."

It is undisputed that the petition for the organization of the new school district contained more than two-thirds of the names of school voters residing within the territory of the proposed new district, and that the petition was in this condition when acted upon by the board of county commissioners and county superintendent, at the regular July meeting of the board of county commissioners. The board therefore, had full and complete jurisdiction of the matter.

After the hearing above mentioned, the commissioners, as above stated, granted the petition and organized the new school district. With these facts established, it is not difficult to arrive at the conclusion that the acts of the county commissioners, in granting the petition for the new school district and the creation of it, were of a legislative character; they were not bound to take any testimony under oath as to whether the new school district was either desirable or necessary. It was only necessary for them to satisfy themselves of the desirability of creating the new school district. If they determined that it was for the best interest of the territory affected and the school voters residing therein to create the new school district, and they did create the new district, it must be held—their jurisdiction being conceded—that their conclusion and disposition in this respect is conclusive, in the absence of substantial evidence showing that the proceedings and determination in creating the new district were fraudulent. Farrell v. Sibley County, 135 Minn. 439, 161 N. W. 152. It is also clear that the new school district became a legal entity at the time the petition was acted upon and the new school district created by the Board of County Commissioners and Superintendent of Schools. See Farley v. Lawton School District, 23 N. D. 565, 137 N. W. 821.

It being apparent that the board had full and complete jurisdiction at the time of the creation of the new school district, which clearly appears from what has above been stated, the trial court could do nothing

less than dismiss the petition for writ of certiorari. There are perhaps . other reasons which could be stated, if necessary, to demonstrate that the court did not err in dismissing the petition for the writ, but it is entirely unnecessary to set forth other reasons than has already been done.

We have examined all appellant's assignments of error and find no reversible error in the record. There are no further questions properly presented for determination. The order appealed from is affirmed. Costs are allowed neither party.


BIRDZELL, CHRISTIANSON, and ROBINSON, JJ., concur.


BRONSON, J. (specially concurring). I concur in the affirmance of the order. The appellant contends that, before the board can act, there must be testimony under oath produced before it, from which the board can make its findings that the creation of the proposed new common school district is desirable and necessary; that no testimony was taken and, hence, there was nothing upon which to base an order. In my opinion this contention is without merit. The board, in considering the organization of a new school district, was exercising a legislative function. It was vested with a legislative judgment and discretion. Accordingly, upon this appeal, this court may not inquire into the propriety or the necessity of the board's order, in the absence of grounds asserted which show the necessity of judicial interference. See Glaspell v. Jamestown, 11 N. D. 86, 88 N. W. 1023; State v. Clark, 21 N. D. 517, 526, 131 N. W. 715; 12 C. J. 863; Farrell v. Sibley County, 135 Minn. 439, 161 N. W. 152. Upon the oral argument, the appellant first presented the question that the statute involved was unconstitutional because of an improper delegation of legislative power. Such question is, therefore, not properly before this court. McCoy v. Davis, 38 N. D. 328, 332, 164 N. W. 951.


CHRISTIANSON, J., concurs.