## IN THE MATTER OF JUDICIAL DITCH NO. 10, YELLOW MEDICINE, LYON AND REDWOOD COUNTIES.[1]

August 3, 1923.

No. 23,482.

**Disqualification of district judge in counties with less than 3 judges.**

1. Section 7727, G. S. 1913, providing for the disqualification of a trial judge by affidavit of one of the parties, does not apply to actions pending in a district court having less than three judges.

**Review of decision upon necessity of drainage project.**

2. The question of the necessity and propriety of drainage projects is addressed to the judgment and discretion of the tribunal having jurisdiction of the matter, whose conclusions will be disturbed only when the evidence furnishes no legal basis for the decision of such tribunal. Following State ex rel. v. Nelson, 137 Minn. 265.

Upon the relation of Julius Freiheit the supreme court granted its writ of certiorari directed to the district court for Yellow Medicine county and Hon. Jasper N. Searles, judge appointed to hear and determine the ditch proceeding, to review the order of that court establishing Judicial Ditch No. 10 of Yellow Medicine, Lyon and Redwood counties. Writ discharged.

*Somsen, Dempsey & Flor, John A. Dalzell* and *Bert O. Loe,* for relator.

*L. D. Barnard* and *O. A. Lende,* for respondent.

[1]Reported in 194 N. W. 875.

STONE, J.

1. Certiorari to review an order establishing a judicial ditch wherein the relator complains, first, that two orders, one appointing the viewers and the other postponing the date of hearing, were made by a judge who was disqualified under section 7727, G. S. 1913. That contention is untenable because the statute applies only "to a cause pending in a district court having three or more judges." In the Twelfth judicial district there are only two judges. This proceeding arose and was pending there at the time the orders in question were made. The statute, therefore, does not affect this proceeding at all.

2. The other assignments of error go to alleged defects in the proceedings and to the propriety, on the merits, of the final order. We have examined them in detail and none can be sustained. Those having to do with the alleged defects in the petition and notice of final hearing require no discussion.

The contention of the relators is that certain meandered and navigable waters will be drained, to the injury of the public and in violation of law. That very issue was carefully and thoroughly tried in the district court. After hearing the evidence the learned trial judge, "in order to check up the testimony of witnesses * * * and to verify to some extent the evidence * * * accompanied by two engineers, one a referee for the ditch, and the other an engineer in opposition thereto, made a personal examination of the territory and drainage basin in question." After considering the evidence with the assistance of his own observation so made, he found that the "lands within the said drainage basis are in need of drainage and that the drainage of said lands will restore to cultivation the lands proposed to be so drained." He further found, and this is the important thing now, that all the meandered lakes claimed by relators to be threatened by the project "are protected from any attack by said drainage project through seepage or otherwise." Such conclusions, together with the determination that the benefits were substantially in excess of the cost of construction, led necessarily to the establishment of the ditch and the order for its construction.

The question of the necessity and propriety of proceedings of this character, including the necessity and propriety of draining particular tracts of land, is one that is addressed to the judgment and discretion of the tribunal having jurisdiction of the matter, whose conclusions will be disturbed by the courts only when the evidence, taken as a whole, furnishes no legal basis for the decision of such tribunal. State ex rel. v. Nelson, 137 Minn. 265, 273, 161 N. W. 714, 163 N. W. 510. See also Farrell v. County of Sibley, 135 Minn. 439, 161 N. W. 152. Under that rule, the order now under review, so far as the necessity and propriety of this particular drainage project are concerned, must stand. On the question of danger to meandered waters, it is well sustained by the evidence.

The writ is discharged.